UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Dana Bowers and Sunrise Children's Services, Inc., on Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFFS<br><br>v.<br><br>Windstream Kentucky East, LLC, et al.<br><br>DEFENDANTS. | CIVIL ACTION NO. 3:09-CV-440<br><br>ELECTRONICALLY FILED |

## **AGREED PROTECTIVE ORDER**

The parties having agreed that discovery in this action may involve the disclosure of confidential, proprietary, and/or trade secret information, and having further agreed that it is necessary to protect the confidentiality of such information while enabling the parties to engage in the discovery process, and the Court having considered the matter and being sufficiently advised,

IT IS HEREBY ORDERED that the following provisions shall govern the use and disclosure of all documents, testimony, affidavits, declarations, and other materials produced or generated during this litigation (collectively "Discovery Materials") that are designated by any party (the "Designating Party") as confidential pursuant to this Order:

1.  Any information or materials produced by any party or non-party in this action may be designated by any party as (1) "Confidential" or (2) "Attorneys' Eyes Only." All information and materials so designated shall be used exclusively and solely for prosecuting or defending claims in this litigation, shall not be used in any other proceeding, and shall not be disclosed to anyone except as provided herein.

2. Information or materials may be designated as "Confidential" if a party has a good faith belief that the item so designated constitutes confidential or proprietary information, the disclosure of which may subject the party whose information is at issue to a competitive disadvantage or other adverse consequences if the information is disclosed in the public record.

3. Information or materials may be designated as "Attorneys' Eyes Only" if a party has a good faith belief that the item so designated is of such highly sensitive nature (such as a trade secret or highly sensitive proprietary information) that the risk of improper use or other harm arising from disclosure to another party clearly outweighs the right of that party to review items produced in this action.

4. Absent further order of the Court, the parties agree that neither Windstream Kentucky East, LLC nor Windstream Kentucky West, LLC shall be required to produce any Customer Proprietary Network Information, as that term is defined by federal law, pertaining to customers who are not identified as class representatives in the aforementioned proceeding, and then as to the identified class representatives only upon their signed, written authorization.

5. A party shall designate materials as protected and subject to this Order by stamping or labeling any documents (or portions thereof) as "Confidential" or "Attorneys' Eyes Only," as appropriate.

6. All depositions or portions of depositions taken in this action that contain information falling under the definitions in Paragraphs 2 and 3 may be designated "Confidential" or "Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of date of the

deposition. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information. Should a party wish to discuss what the party views as Attorneys' Eyes Only information, the party bringing up the information during the deposition shall advise the other party of its intent to do so, and both parties will make sure that persons not allowed to receive such information are asked to leave the deposition during that Attorneys' Eyes Only portion of the deposition.

7. Absent a further order from the Court or consent of the Designating Party, Discovery Materials designated as "Attorneys' Eyes Only" may be disclosed, summarized, or otherwise communicated or made available, in whole or in part, only to: (a) counsel for the parties in this litigation (and, to the extent needed, their staff and any vendors used to copy or reproduce materials); (b) testifying or consulting experts who agree to be bound by the terms of this Protective Order and who sign a consent to that effect in the form attached as Exhibit A, provided that such experts are not current or former employees of any party and are not engaged, directly or indirectly, in any business activities similar to the business conducted by the parties to this litigation; (c) any original author or recipient of the document who agrees to be bound by the terms of this Protective Order and who sign a consent to that effect in the form attached as Exhibit A; and (d) the Court and any appropriate Court personnel. Counsel for the party disclosing the information shall maintain the original, signed consent from each expert and shall make it available for review upon agreement of the parties of further order of the Court.

Absent further order of the Court or consent of the Designating Party, Discovery Materials designated as "Confidential" may be disclosed, summarized, or otherwise communicated or made available, in whole or in part, only to persons who have been informed of

and consented to be bound by the terms of this Protective Order and whose assistance is reasonably believed to be needed by counsel for the purposes of engaging in this litigation and/or preparing this case for trial. Counsel for the party disclosing the information shall maintain the original, signed consent and shall make it available for review upon agreement of the parties of further order of the Court.

8. Nothing in this Order shall be deemed to preclude any party from using any materials designated "Confidential" or "Attorneys Eyes Only" in oral arguments to the Court, whether in person or by telephone, or in examination of any witness. In the event of such use in a conference with the Court or in live court testimony, the party using such information shall provide sufficient notice to the Court so that the Court may take any protective measures that it deems appropriate.

9. No party shall file with the Court any materials designated as "Confidential" or "Attorneys' Eyes Only," or include any descriptions of such materials (other than generalized descriptions that do not reveal the substance of the materials in any way) in any pleading or other filing, unless the Designating Party consents, or the party files the materials (or documents describing the materials) under seal in the manner set forth in Joint General Order 11-01, *In re Sealed Documents: Amendment To Joint General Order 06-01* by the United States District Court for the Eastern and Western Districts of Kentucky. The filing party shall serve the sealed document on the other parties to this litigation by hand delivery, United States First Class Mail, electronic mail, or any other means permitted by the Federal Rules of Civil Procedure for service of pleadings and other court filings.

10. Any party may contest any confidentiality designation by a Designating Party. The parties shall attempt to resolve any disagreements as to a confidentiality designation among themselves. If a disagreement cannot be resolved, any party may seek an order of the Court resolving such disagreement. The material at issue shall be treated in accordance with its designation as "Confidential" or "Attorneys' Eyes Only" pending such resolution.

11. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12. All counsel for the parties who have access to information or material designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

13. Entering into, agreeing to, and/or producing or receiving confidential information or otherwise complying with the terms of this Protective Order shall not constitute an admission by any party that any particular confidential information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter, except that the party so designating the information as confidential is making an affirmative representation of its good faith belief that the particular document or information qualifies for confidential treatment under this order.

14. This Protective Order has no effect upon, and shall not apply to, the Designating Party's use of its own confidential information.

15. Nothing contained in this Protective Order shall affect any party's right to object to the production, disclosure, or use of any document or information, or to withhold documents or information in a manner permitted by law, on grounds other than confidentiality (such as relevance, privilege, or work product protection).

16. If additional parties join or are joined in the litigation, they shall not have access to confidential information until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Protective Order or such other order as the Court may issue.

17. Within thirty (30) business days of the final resolution of this litigation (including any appeal), all persons having copies of Discovery Materials containing, referring, or relating to confidential information shall either return such material and all copies to counsel for the Designating Party or certify in writing to the Designating Party that such documents have been destroyed. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product containing confidential information, provided that such outside counsel, and employees of such outside counsel, shall not disclose such documents or material to any person except pursuant to court order or agreement with the Designating Party. Nothing contained herein shall interfere with the parties' obligations, if any, to retain and maintain documents in accordance with any and all requirements imposed by any law.

18. The provisions of this Order shall continue to be binding following the resolution of this action. This Court expressly retains jurisdiction over this litigation for enforcement of the provisions of this Protective Order following the final resolution of this litigation.

SEEN AND AGREED:

| | |
|---|---|
| /s/ Marjorie A. Farris | /s/ David T. Royse |
| Joseph L. Hamilton (jhamilton@stites.com) | David T. Royse (david.royse@skofirm.com) |
| Mark R. Overstreet (moverstreet@stites.com) | D. Randall Gibson (randall.gibson@skofirm.com) |
| Marjorie A. Farris (mfarris@stites.com) | Douglas F. Brent (douglas.brent@skofirm.com) |
| STITES & HARBISON | Deborah T. Eversole (deborah.eversole@skofirm.com) |
| 400 West Market Street | STOLL KEENON OGDEN PLLC |
| Suite 1800 | 2000 PNC Plaza |
| Louisville, KY 40202 | 500 W. Jefferson St. |
| Phone: (502) 587-3400 | Louisville, KY 40202 |
| Facsimile: (502) 587-6391 | *Counsel for Plaintiffs* |
| *Counsel for Defendants* | |

**EXHIBIT A**

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I have read the Agreed Protective Order regarding confidentiality in *Dana Bowers and Sunrise Children's Services, Inc., On Behalf of Themselves and All Others Similarly Situated v. Windstream Kentucky East, LLC, et al.*, United States District Court for the Western District of Kentucky, No. 3:09-cv-440. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Western District of Kentucky with respect to all matters relating to the interpretation or enforcement of the Agreed Protective Order.

Dated: _____       _____
                                    [Name]

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the ECF system for the United States District Court for the Western District of Kentucky, on this 1st day of April, 2011, which will send an electronic notice to:

David T. Royse, Esq.
D. Randall Gibson, Esq.
Douglas F. Brent, Esq.
Deborah T. Eversole, Esq.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 W. Jefferson St.
Louisville, KY 40202
*Counsel for Plaintiff*

/s/ Marjorie A. Farris
Marjorie A. Farris