UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-440-H

DANA BOWERS, et al.                                              PLAINTIFF(S)

V.

WINDSTREAM KENTUCKY EAST, LLC, et al.                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Class Certification pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(1), (2), and (3). Plaintiffs Dana Bowers and Sunrise Children's Services, Inc. ("Sunrise") brought an action against Windstream Kentucky East, LLC ("Windstream East") and Windstream Kentucky West, LLC ("Windstream West") alleging violations of state and federal telecommunications laws.

Windstream provides telephone, cable, and internet services to customers all across Kentucky, including Plaintiffs. Dana Bowers is a Kentucky residential customer who receives telecommunications services from Windstream East. Sunrise is a Kentucky non-profit corporation and receives telecommunications services from both Windstream East and Windstream West. This action arises from Defendants' flow-through to customers of the "Kentucky Gross Revenue Tax" ("GRT") in the form of the "Kentucky Gross Receipts Surcharge" ("GRS"). The GRT is a tax imposed on telecommunications carriers and Defendants sought to recover their payments of the tax through the GRS.

Plaintiffs now seek class certification of all Windstream customers ("Proposed Class") and appointment of Bowers as the class representative for Windstream East customers and Sunrise as the class representative for Windstream West customers. Plaintiffs also seek

appointment of Stoll Keenon Ogden PLLC as class counsel. The Court is well familiar with the legal issues in this case due to its efforts to resolve prior motions. Having reviewed the parties' supporting memoranda and for the reasons stated below, the Court will sustain Plaintiffs' motion for class certification pursuant to Rules 23(b)(1) and (b)(3), but deny the motion as to Rule 23(b)(2) certification. The Court will also sustain Plaintiffs' motion to appoint Stoll Keenon Ogden PLLC as class counsel.

I.

A district court has broad discretion to certify a class. *Mayer v. Mylod*, 988 F.2d 635, 640 (6th Cir. 1993). Nonetheless, a rigorous analysis is required to decide whether Rule 23(a) is satisfied. *Burkhead v. Louisville Gas & Electric. Co.*, 250 F.R.D. 287, 290 (W.D. Ky. 2008). To meet the requirements of Rule 23(a): (1) a class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties must fairly and adequately protect the interests of the class. *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004) (*citing* Fed. R. Civ. P. 23(a)). The Court will address each requirement in turn.

A.

Rule 23(a)(1) requires that a class be so numerous that joinder of its members is impracticable. "While this requirement is commonly referred to as a 'numerosity' requirement, the real issue is whether the plaintiff seeking class certification has demonstrated impracticability of joinder." *Turnage v. Norfolk So. Corp.*, 307 F. App'x 918, 921 (6th Cir. 2009) (citation omitted). Often times, large numbers may "indicate impracticability of joinder," but "numbers are not a perfect predictor." *Id.* Rather, the Court remains focused on

practicability, considering for example, the ease of identifying and providing service on all members if joined. *Id.*

Here, the Proposed Class consists of thousands of Kentucky Windstream customers on whom the GRS has been imposed. Although the specific number of customers affected is unknown at this time, Plaintiffs assert that the figure clearly would be "greater than sufficient" to justify certification. Defendants counter that mere speculation of numerosity is insufficient and Plaintiffs' claims encompass only a fraction of Windstream's customer base, as many accounts are governed by agreements not subject to federal tariffing.

Defendants' argument assumes that the GRS itself is not subject to federal tariffing. As this Court has already ruled on this issue and concluded otherwise, Defendants' argument must fail. Furthermore, the Court agrees with Plaintiffs that the number of eligible class members is "greater than sufficient" to warrant certification. Afterall, Defendants acknowledge that the GRS is assessed on thousands, if not all, of its customers on a regular basis. For these reasons, Plaintiffs meet the numerosity requirement.

B

Rule 23(a)(2) requires class members to share common questions of law or fact. The requirement seeks only identification of "a common issue the resolution of which will advance the litigation." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). Essentially, commonality requires demonstrating that class members "have suffered the same injury," which does not mean merely that they have all suffered a violation of the same provision of law. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted).

Plaintiffs contend that all customers who were charged the GRS share common questions of law and fact centered upon what services and at what rates the GRS was imposed. According

to Defendants, establishing that any customer paid the GRS does little to advance Plaintiffs' claims as the lawfulness of assessing the GRS is specific to each individual customer, based upon the types of services they receive.

The central and common issue here is whether and to what extent Defendants improperly charged and collected the GRS. To answer this question, the legal issues shared by all class members will be (1) which services are rightfully subject to the GRS; (2) of the services upon which the GRS is collected, whether they must then be filed in Defendants' tariffs; (3) whether, and upon which services, Defendants collected the GRS prior to filing it within their tariffs; (4) whether, and to what extent, Defendants overcharged the GRS once it was tariffed; (5) and whether Defendants misrepresented the GRS to their customers. Although customers subscribe to varying services offered by Defendants, and the resolution of these issues may thus reveal a disparity in class members' entitled relief, common issues will nonetheless resolve and advance the entire class litigation. Although the Court acknowledges that varying services or customer contracts may be analyzed differently for purposes of tariffing, the Proposed Class meets the commonality requirement.

C.

Rule 23(a)(3) requires Plaintiffs to show that their claims are "typical" of those comprising the Class. A plaintiff's claim may be considered typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). The representative plaintiffs' interests should be aligned with those of the proposed class, and the "typicality requirement is not met if the named plaintiffs do not represent an adequate cross-section of the claims asserted by the rest of the class." *Reeb v. Ohio Dept. of*

4

*Rehab. & Corr.,* 435 F.3d 639, 644-45 (6th Cir.2006).

Here, Plaintiffs argue typicality is met because their claims involve assessment of the GRS, which is shared by all Proposed Class members. Defendants counter that typicality is absent because Plaintiffs cannot prove the claims of other Windstream customers by virtue of proving their own.

Determination of the named Plaintiffs' claims will undoubtedly advance the interests of the Proposed Class, as all members seek clarity regarding how and to what extent the GRS should be imposed on customers. Afterall, adjudication of Plaintiffs' legal theories will resolve other Class members' issues. For this reason, the Court finds that Plaintiffs meet the typicality requirement.

D.

The Rule 23(a)(4) requirement of adequacy of representation seeks to reveal conflicts of interest between named representatives and their proposed class. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997). A "class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395 (1977) (quotation omitted). As the United States Supreme Court has noted, this requirement "tend[s] to merge with the commonality and typicality criteria of Rule 23(a), which 'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem*, 521 U.S. at 626 n.20 (internal quotation marks omitted). The adequacy evaluation also takes into consideration the competency and conflicts of class counsel. *Id*.

Here, the named Plaintiffs share common interests with the Proposed Class and will be

capable of adequately litigating Class interests. Plaintiffs, like all customers on whom Defendants have imposed the GRS, seek and are entitled to relief for any charges that were wrongfully collected. For this reason, and for many of the reasons discussed above, Plaintiffs would adequately represent the Proposed Class.

II.

In addition to meeting the four requirements of Rule 23(a), a proposed class must satisfy at least one provision of Rule 23(b). Here, Plaintiffs assert certification under Rules 23(b)(1), (b)(2) and (b)(3).

A.

Certification under Rule 23(b)(1) is appropriate if "prosecuting separate actions by or against individual class members would create a risk" of either (1) "inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for the party opposing the class" or (2) "adjudications with respect to individual class members that . . . would be dispositive of the interests" of other members or substantially "impede their ability to protect their interests."

Here, Proposed Class members may face inconsistent rulings if denied certification. As Defendants acknowledge, Windstream offers several different services to customers based on a wide array of packages and agreements, each of which may carry distinct implications for the GRS and Defendants' tariffs. Furthermore, the law pertaining to tariffs is complex. One class action addressing the imposition and tariffing of the GRS would minimize the possibility of potentially thousands of customers experiencing different results. A class action will also protect Defendants from inconsistent findings of liability. Class certification pursuant to Rule 23(b)(1) is thus proper.

B.

Certification under Rule 23(b)(2) is appropriate where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ. P. 23(b)(2). The drafters of Rule 23(b)(2) have explained that this provision "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." As explained by the Fifth Circuit:

> [M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief. By incidental, we mean damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief . . . such damages should at least be capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances. Liability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex determinations.

*Cochran v. Oxy Vinyls LP*, No. 3:06CV-364-H, 2008 WL 4146383, at *10 (W.D. Ky. 2008) (*citing Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998)).

Here, Plaintiffs do not dispute that they solely seek damages as relief in this action. Furthermore, Plaintiffs have failed to assert any pursuit of injunctive or declaratory relief. In any event, because of the individualized claims for recovery, a separate hearing regarding damages will likely be necessary. For these reasons, class certification pursuant to Rule 23(b)(2) would be improper and is therefore denied.

C.

Certification under Rule 23(b)(3) is appropriate when "the questions of law or fact

7

common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "Rule 23(b)(3) classes therefore must satisfy a two-part test of commonality and superiority, and should only be certified if doing so would 'achieve economies of time, effort, and expense.'" *Cochran*, 2008 WL 4146383 at *11 (*quoting Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1196 (6th Cir. 1988).

Although the "predominance" criterion of Rule 23(b)(3) is "far more demanding" than the commonality requirement analyzed above, differences within a class are not necessarily fatal. Specifically, and as this Court has already held, "a need for individualized damages determinations" will not prohibit certification. *Id.* In these cases, a court may "birfurcate class action proceedings, adjudicating liability on a classwide basis, and then . . . damages can be decided by a special master or by another method." *Id.* (internal quotation marks and citation omitted). Therefore, the question remaining is whether liability can be determined on a class-wide basis, despite a possibility that individualized determinations will be required on the amounts of damages.

Here, Defendants' liability can proved on a class-wide basis. Adjudication of this action consists solely of determining whether Defendants' billing of the GRS was proper. Although as to some customers and services the answer and extent of overcharging may vary, the actual question of liability can be answered to the class as a whole. For this reason, class certification under Rule 23(b)(3) is appropriate.

### III.

Having decided on Plaintiffs' motion for class certification, the appointment of class counsel is properly addressable. Class counsel should be appointed pursuant to Fed. R. Civ. P.

23(g) which requires consideration of: "(i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions . . . (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. The Court may also weigh factors such as counsel's ability to fairly and adequately represent the interests of the class.

Plaintiffs' counsel are experienced in both tax and telecommunications law, and they have litigated class actions similarly related to wrongful collection claims. Additionally, Plaintiffs' counsel are familiar with the legal issues and facts of this case, and the Court is confident they can represent the Class fairly and competently. For these reasons, the Court designates the firm Stoll Keenon Ogden PLLC as Class Counsel.

For the reasons stated and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for class certification is SUSTAINED as to certification under Rule 23(b)(1) and (3), and DENIED as to certification under Rule 23(b)(2).

IT IS FURTHER ORDERED that Plaintiffs' motion to appoint Stoll Keenon Ogden Class Counsel is SUSTAINED.

The Court will set a conference to discuss the best ways to advance this case.

cc:	Counsel of Record