UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-440-H

DANA BOWERS, et al.                                                                           PLAINTIFF(S)

V.

WINDSTREAM KENTUCKY EAST, LLC, et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This lawsuit concerns the billing practices of Defendants, Windstream Kentucky East and Windstream Kentucky West (collectively "Windstream"), which are telecommunications companies providing telephone, cable, and internet services to thousands of Kentucky residents. Plaintiffs, customers of Windstream, allege that Defendants improperly charged rates in violation of their federal tariffs.  In its October 3, 2011 Order ("Summary Judgment Order"), the Court partially granted Plaintiffs' Motion for Summary Judgment as to Counts 1 and 2 of the Complaint, on the question of liability, and reserved judgment on an amount certain of damages. The Court's subsequent Order, dated October 12, 2011 ("Class Certification Order"), granted Plaintiffs' Motion for Class Certification[1], concluding that Plaintiffs satisfied requirements pursuant to both Federal Rules of Civil Procedure 23(b)(1) and (b)(3).

Defendants now request clarification and reconsideration as to six main issues: (1) the defined class and the claims and defenses to be resolved class-wide; (2) whether the propriety of the GRS can be determined class-wide; (3) the Court's partial ruling on summary judgment prior

---

[1] The parties have expressed some disagreement as to the scope of class certification in the Court's previous Order.  To clarify any confusion, the Court's Class Certification Order pertained only to Counts 1 and 2 of the Complaint and did not encompass claims that are currently stayed, pending decisions by the Kentucky Public Service Commission.

to class certification; (4) the certification of the proposed class under both Federal Rules of Civil Procedure 23(b)(1) and (b)(3); (5) Windstream's affirmative defenses; and (6) the superiority of a class action as means of litigating this case.

The Court held a conference to discuss all aspects of the case. The Court can resolve some of Defendants' objections without further briefing.

I.

Defendants' first two arguments are related. First, they argue that the Court's Class Certification Order violates Federal Rule of Civil Procedure 23(c)(1) by failing to define the scope of the class, as well as the claims, defenses, and issues to be resolved class-wide. In seeking clarification, Defendants urge the Court to exclude from the class: (1) any customers who have settled their GRS claims with Windstream; and (2) customers who purchase services pursuant to negotiated contracts.

Second, Defendants argue that Plaintiffs failed to prove that their individual claims are the same claims for every other proposed class member. According to Defendants, "the myriad arrangements and agreements by which Windstream provides service to its customers," and determination of whether the GRS was improperly charged and collected as to Plaintiffs cannot be extrapolated to all other Windstream customers.

At a conference, the Court discussed at considerable length these two issues and issues related to them. The Court determined that it needed additional advice from counsel as to a more specific class definition and the extent to which the various interests of the class are adequately represented. The Court will issue a separate order as to that briefing.

II.

Third, Defendants urge that the principle of "one-way intervention" has been violated by entering partial summary judgment in favor of Plaintiffs prior to ruling on the issue of class certification. The Court finds no basis supporting this argument. The Sixth Circuit has "consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of [a] case." *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998); *Jibson v. Mich. Educ. Ass'n-NEA*, 30 F.3d 723, 734 (6th Cir. 1994)). Federal Rule of Civil Procedure 23 simply does not obligate district courts to proceed in such a manner. *Id.* Accordingly, Defendants' argument fails.

### III.

Fourth, Defendants question the Court's decisions to certify a class under both Rule 23(b)(1) and 23(b)(3), in light of the recent Supreme Court opinion from *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). In its Class Certification Order, the Court indicated that Plaintiffs established their qualification as a class under both provisions. Because district courts may amend or alter class certification orders at any time prior to final judgment, it is not uncommon that the bases for certification are redefined after an initial order has been issued. Here, however, the Court can conclude that between the two grounds for proceeding as a class action, Plaintiffs more aptly qualify under Rule 23(b)(3). Thus, this action will proceed forward as a Rule 23(b)(3) class action.

### IV.

Fifth, Defendants contend that the Court failed to address its affirmative defenses, constituting a violation of Defendants' substantive due process rights. In its Summary Judgment

3

Order, the Court considered and flatly rejected Defendants' affirmative defenses as to Counts 1 and 2, explaining that the Filed Rate Doctrine overrides equitable defenses. ("Windstream's defenses here cannot supercede the Filed Rate Doctrine."). To suggest that Defendants were somehow denied their constitutional due process rights is puzzling. Of course, Windstream may still assert defenses as to the amount of damages for Counts 1 and 2, as well as defenses to the remaining Counts.

V.

Finally, Defendants argue that, in light of the complexities presented by this case, a class action is not superior. Defendants urge the Court to refer this matter to the Federal Communications Commission. As the Court explained in its Summary Judgment Order, an agency's statutory interpretation should be regarded where Congress fails to directly address an issue and "the agency's answer is based on permissible construction of the statute." *Jewish Hosp., Inc. v. Sec'y of Health and Human Servs.*, 19 F.3d 270, 273 (6th Cir. 1994) (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)). However, class certification does not implicate interpretation of the Communications Act and the Court fails to see why the FCC should be charged with this unrelated task. Class certification is a task within the Court's jurisdiction and the Court declines to defer to the FCC in this regard.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration is DENIED IN PART.

The Court will consider the remainder of Defendants' objections and the precise definition of any class to be certified only after receiving further briefing.

Date:

cc:     Counsel of Record