UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Dana Bowers and Sunrise Children's Services, Inc. on Behalf of Themselves and Others Similarly Situated<br><br>PLAINTIFFS<br><br>v.<br><br>Windstream Kentucky East, LLC, et al.<br><br>DEFENDANTS. | CIVIL ACTION NO. 3:09-CV-440<br><br>ELECTRONICALLY FILED |

# MEMORANDUM IN SUPPORT OF
# PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
# AS TO COUNT III OF THE COMPLAINT

Plaintiffs Dana Bowers and Sunrise Children's Services, Inc. ("Sunrise Children's Services"), by counsel, on behalf of themselves and the class they represent, for their Memorandum in Support of Motion for Partial Summary Judgment as to Count III of the Complaint, state as follows:

**INTRODUCTION AND BACKGROUND**

On April 29, 2010 the Court issued its Memorandum Opinion [#17] and Order [#18] staying Count III of the Complaint, which alleges that Defendants violated Kentucky law when they failed to amend their state tariffs to reflect the "Kentucky Gross Receipts Surcharge" before imposing that surcharge. The Court stayed (but did not dismiss) Count III "pending a ruling by the Kentucky Public Service Commission." Order at 2. On May 4, 2012, the Public Service Commission ("PSC") ruled on the two issues referred to it and Plaintiffs filed the PSC's ruling (the "PSC Order" or the "Order") with the Court [#93]. In accordance with the PSC's ruling, the Court should now enter summary judgment for Plaintiffs. Liability as to Count III of the

Complaint is purely a matter of law, and it is now beyond question that Kentucky law as well as federal law prohibit a utility from recovering from its customers the expense of a tax imposed on the utility without first adding that new rate to its tariff. Consequently, Windstream violated Kentucky law as well as federal law when it recovered for a tax imposed upon it by the Commonwealth by billing and collecting an untariffed "Kentucky Gross Receipts Surcharge."

In its Memorandum Opinion of April 29, 2010, this Court ruled that Plaintiffs' Count I and II claims concerning Windstream's violation of its federal tariffs would neither be dismissed nor stayed due to the "plain language of [47 U.S.C.] 203(c) and the FCC's decision in *Irwin Wallace.*"[1] [Memorandum Opinion, #17, at 10.] Subsequently, the Court granted Plaintiffs' partial summary judgment as to liability on these same federal claims [#77]. Federal law on the subject is crystal clear: as the Court explained, the Federal Communications Commission in *Irwin Wallace* had specifically "determined that a telecommunications company may not pass along a tax until the company's tariff actually authorizes the pass-through tax." [Memorandum Opinion, #17, at 9.] The Court declared, however, that the Kentucky Commission should address whether this same reasoning applies to state tariffs. It also held that the Commission should address Windstream's argument that its Kentucky Gross Receipts Surcharge actually *was* tariffed at the state level, as its tariff referred to recovery of taxes imposed by "local" taxing authorities. [Memorandum Opinion, #17, at 12.]

> The Court reasoned that,
>
> To resolve this dispute, this Court would need to address two issues not present in its analysis under Counts I and II: (1) whether the PSC would rule as the FCC did in *Irwin Wallace* on the issue of tariffs and pass-through taxes and (2) whether the "local taxing authority" language of Windstream's tariff encompasses state statutes…. [T]he Court believes these matters are best left to the PSC at this time.

---

[1] *Irwin Wallace v. AT&T Communications of the Southern States, Inc.,* 6 FCC Rcd 1618 (1991), *on reconsideration,* 7 FCC Rcd 3333 (1992).

The first question suggests deference to the PSC. The second question is also clearly within the PSC's area of expertise.

[Memorandum Opinion, #17, at 12-13.]

The PSC has now directly answered both questions. In response, Windstream has corrected two of its tariffs on file with the PSC. *See, e.g.,* Exhibit 1 hereto. Windstream previously amended its FCC tariff to address the interstate rate increase.

The Court should now enter Summary Judgment in favor of Plaintiffs on Count III of their Complaint, consistent with the Summary Judgment previously entered on Counts I and II.

## ARGUMENT

### THE PSC'S ANALYSIS MANDATES SUMMARY JUDGMENT FOR PLAINTIFFS ON COUNT III OF THE COMPLAINT.

Pursuant to Fed. R. Civ. P. 56(c) a party is entitled to summary judgment when "there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law." In addition, "summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages," *id.,* and judgment may be rendered for something less than "the whole case or for all the relief asked." Fed. R. Civ. P. 56(d). With respect to Defendants' liability under Count III of the Complaint – as with Defendants' liability under Counts I and II of the Complaint regarding violation of federal tariffs – Plaintiffs must demonstrate only that Windstream billed and collected amounts other than those that were in its Kentucky tariff. Plaintiffs have so demonstrated.

As the Court has already acknowledged with respect to the federal claims for interstate charges, there is no "genuine issue" as to the material facts: the bills and the tariffs are objectively verifiable documents. A "genuine issue" exists only if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Bowers v. Windstream Ky. East*, 2011 U.S. Dist. LEXIS 114013, 2-3 (W.D. Ky. Sept. 30, 2011)[# 77], *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party seeking summary judgment bears initial responsibility to demonstrate that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Then the nonmoving party must make a showing that there *is* such an issue. *Id.* at 323-24. Windstream cannot possibly show that there is any issue with regard to whether it charged amounts in excess of those prescribed by its tariffs. The facts are of public record and cannot be disputed.

As to the Kentucky law on the subject, the PSC has now answered the questions posed by the Court. A summary of the PSC's answers is included below.

## I. THE KENTUCKY PSC AGREES WITH THE FCC'S "REASONING AND CONCLUSION" IN IRWIN WALLACE.

The PSC unequivocally endorsed the reasoning of the FCC in *Irwin Wallace,* the basis for the Court's summary judgment ruling on Counts I and II. Explaining that the "gross receipts tax is a cost of doing business that a utility must pay," and that "[a] utility's customers are not separately paying for the utility's taxes" but are "paying for utility service," the Commission concluded that "what a utility charges for service is a rate." PSC Order at 12. As a result, the PSC concluded, "[w]e agree with the FCC's reasoning and conclusion in *Irwin Wallace."*

Thus, the Court's first question to the PSC is answered in the affirmative.

## II. THE KENTUCKY PSC RULED THAT WINDSTREAM'S TARIFF LANGUAGE PROVIDING FOR RECOVERY OF PROPORTIONATE AMOUNTS OF TAXES IMPOSED BY "LOCAL" AUTHORITIES DOES NOT PROVIDE FOR SUCH RECOVERY OF TAXES IMPOSED BY THE COMMONWEALTH.

The second question referred by the Court and addressed by the PSC was whether certain wording in one of Windstream's Kentucky tariffs potentially encompasses Windstream's Kentucky Gross Receipts Surcharge. The answer of the PSC is a resounding "no."

As the PSC explained, a Windstream tariff [2] provides for proportionate recovery from Windstream customers taxes and fees "imposed upon the Company by *local taxing authorities.*" PSC Order at 14 (emphasis supplied by the PSC). Windstream's Kentucky Gross Receipts Surcharge, though, recovers for a tax imposed by the Commonwealth pursuant to KRS 136.616. The PSC rejected a number of Windstream arguments that the Kentucky Gross Receipts Tax imposed by the Commonwealth itself could be considered a tax imposed by "local" authorities, carefully analyzing usage of the term "local" in various statutes as well as telecommunications law. PSC Order at 15-16. It then ruled definitively on the issue: "we find that Windstream's tariff does not allow it to recover for taxes issued under state statutes." PSC Order at 16.

Windstream's attempt to recast the state tax as a local tax failed. Its Kentucky Gross Receipts Surcharge was held to be a "rate" that had not been filed in its Kentucky tariffs. [3]

## CONCLUSION

The questions of Kentucky law referred to the Kentucky Public Service Commission by the Court have now been answered. For the foregoing reasons, and for those stated in the Kentucky Public Service Commission's ruling, Plaintiffs respectfully request that their Motion

---

[2] Windstream Tariff No. 7, Section S2.4.5(c).
[3] Plaintiff Dana Bowers, PSC petitioner, has called to the PSC's attention an easily correctible error of fact in its order. The PSC stated that Plaintiff's service, "Feature Pack A," was "removed" from Windstream's tariff in 2008. It was not. In addition, Plaintiff addressed some commentary of the PSC unrelated to the Court's two questions referred to the PSC that Plaintiff believes is misdirected.

for Partial Summary Judgment as to Defendants' liability under Count III of the Complaint be granted, consistent with Partial Summary Judgment previously entered by the Court on Counts I and II.

Respectfully submitted,

/s/ David T. Royse
David T. Royse
Douglas F. Brent
Deborah T. Eversole
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Phone: (502) 333-6000
Fax: (502) 333-6099
*Counsel for Dana Bowers and Sunrise Children's Services, Inc.*