UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Dana Bowers and Sunrise Children's
Services, Inc. on Behalf of Themselves
and Others Similarly Situated

CIVIL ACTION NO. 3:09-CV-440

PLAINTIFFS

ELECTRONICALLY FILED

v.

Windstream Kentucky East, LLC, et al.

DEFENDANTS.

## SETTLEMENT AGREEMENT

# TABLE OF CONTENTS

**Page**

EXHIBIT LIST.................................................................................................ii

I.     INTRODUCTION ................................................................................. 1
II.    DEFINITIONS ...................................................................................... 6
III.   CERTIFICATION OF A SETTLEMENT CLASS ...........................11
IV.    SETTLEMENT RELIEF .....................................................................12
V.     NOTICE TO THE SETTLEMENT CLASS, COSTS OF NOTICE, AND
       ADMINISTRATION OF SETTLEMENT......................................17
VI.    COMMUNICATION WITH SETTLEMENT CLASS MEMBERS ...............23
VII.   REQUESTS FOR EXCLUSION ........................................................23
VIII.  OBJECTIONS TO SETTLEMENT.....................................................24
IX.    DISMISSAL, RELEASE AND WAIVER ...........................................25
X.     ATTORNEY FEES AND EXPENSES AND CLASS REPRESENTATIVE
       INCENTIVE AWARD.......................................................................29
XI.    ORDER OF NOTICE AND SETTLEMENT HEARING..............................32
XII.   FINAL APPROVAL AND FINAL ORDER AND JUDGMENT .................32
XIII.  MODIFICATION OR TERMINATION OF THIS AGREEMENT.............33
XIV.   DENIAL OF LIABILITY....................................................................35
XV.    GENERAL MATTERS AND RESERVATIONS ...............................36

## EXHIBIT LIST

Exhibit A:  Order Preliminarily Approving Class Action Settlement

Exhibit B:  Notice of Class Action Settlement – Postcard Form

Exhibit C:  Notice of Class Action Settlement – Long Form

Exhibit D:  Final Approval Order and Judgment

Exhibit E:  Franklin Circuit Court Order

Exhibit F:  List of Carrier Customers Excluded from the Settlement Class (filed under seal)

## SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by Plaintiffs, Dana Bowers and Sunrise Children's Services, Inc., ("Plaintiffs" or "Settlement Class Representatives"), and Defendants, Windstream Kentucky East, LLC and Windstream Kentucky West, LLC, (collectively, "Windstream") through their duly authorized counsel this 24th day of May, 2013, that the class action litigation captioned above (the "Action") be settled, on the terms and conditions set forth in this Settlement Agreement and the Exhibits to it (the "Settlement Agreement" or "Agreement"), subject to the approval of the Court. This Agreement is intended to fully, finally and forever resolve, discharge and settle any and all past, present and future causes of action, claims, and disputes arising from or related to the "Kentucky Gross Receipts Surcharge" that have been or could have been asserted by Settlement Class Members against Windstream in connection with the Action.

I.   **INTRODUCTION.**

   A.   Windstream Kentucky East, LLC and Windstream Kentucky West, LLC are telecommunications service providers conducting business in Kentucky.

   B.   Dana Bowers and Sunrise Children's Services, Inc., are residents of the Commonwealth of Kentucky and are the named Plaintiffs in this Action filed in June 2009, as a putative class action on behalf of certain Kentucky customers of Windstream that had been billed the Kentucky Gross Receipts Surcharge.

C.    Dana Bowers and Windstream Kentucky East, LLC, together with the Kentucky Public Service Commission (the "Commission"), are parties to a matter styled *Windstream Kentucky East, LLC v. Public Service Commission of Kentucky and Dana Bowers,* pending in the Franklin County, KY Circuit Court, Civil Action Nos. 12-CI-727 and 12-CI-820 (the "Collateral State Action"), an action for review of Commission orders entered in response to the Federal Court's referral to the Commission of certain state regulatory issues.

D.    Plaintiffs alleged in the Action and Collateral State Action that, starting in 2007, Windstream violated the Federal Communications Act of 1934, Kentucky state regulatory and consumer protection law, and common law by adding the Kentucky Gross Receipts Surcharge to bills for telecommunications services without filing that surcharge in its federal and state tariffs, and/or by collecting amounts greater than those filed in the tariffs.

E.    Plaintiffs also alleged Windstream wrongfully added the Kentucky Gross Receipts Surcharge to bills for information services and other services.

F.    Windstream denies that it has violated any laws or any common law principles, denies all allegations in the Action and Collateral State Action, and filed a motion to dismiss the Action.

G.    On April 30, 2010, the Court granted in part and denied in part the motion to dismiss and referred the Plaintiffs to the Kentucky Public Service Commission to

obtain an interpretation of certain language in Windstream's state tariffs and how the language applied to the Kentucky Gross Receipts Surcharge.

H.    On November 15, 2010 Dana Bowers filed an action with the Commission and said Petition was docketed by the Commission as *Dana Bowers v. Windstream Kentucky East, LLC*, Case No. 2010-00447, and the case was subsequently heard by the Commission through written briefs.

I.    On October 3, 2011 the Court granted Plaintiffs' motion for summary judgment with respect to overcharge claims on interstate telecommunications services subject to Windstream's federal tariffs.  On October 12, 2011 the Court certified a Class and appointed Class Counsel.  On January 20, 2012 the Court issued an order clarifying that the Class had been certified under Fed. R. Civ. Pro. 23(b)(3).

J.    On May 4, 2012 and June 13, 2012, the Commission entered its orders in Case No. 2010-00447, and Windstream subsequently sought review of both orders in the Franklin Circuit Court, Dana Bowers answered and filed cross-claims, and Windstream and the Public Service Commission filed motions to dismiss Bowers' cross-claims, all of which were pending as of the date of this Agreement.

K.    On July 12, 2012, the Court entered an order defining the class more specifically and limiting the scope of its previous summary judgment to overcharges on Windstream's federally tariffed Subscriber Line Charge.

3

**L.**    On July 30, 2012, Windstream petitioned the Sixth Circuit Court of Appeals for permission to appeal the class certification orders, said petition was subsequently briefed and, on November 1, 2012, was denied.

**M.**    On August 1, 2012, the Court denied the Plaintiffs' motion for summary judgment on Count III of the Amended Complaint, relating to the state tariff law claims.

**N.**    Plaintiffs and Defendants have engaged in good faith, arm's-length negotiations over a period of several months and these negotiations have included numerous telephone conferences among counsel, the exchange of settlement communications, and in person meetings.    The parties have reached this Agreement that resolves all their disputes herein or that could have been raised herein with respect to the Kentucky Gross Receipts Surcharge.    It is the Parties' desire and intent to compromise and settle by this Agreement all claims, known and unknown, that have been or could have been brought in this Action by and on behalf of Settlement Class Members.

**O.**    As a result of these negotiations, as well as independent investigation, research, and analysis, Plaintiffs, with the advice of counsel, have decided to enter into this Settlement Agreement, believing the terms to be fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class Members.    Plaintiffs and Class Counsel have decided to execute this Settlement Agreement and to urge the Court to approve its terms after considering:    (1) the factual and legal defenses available to Defendants, which render the outcome of the Action uncertain; (2) the uncertainty of

receiving a more favorable award at trial; (3) the likely appeals and additional proceedings necessary even if the Settlement Class were to prevail at trial; (4) the substantial benefits that the Settlement Class Members will receive pursuant to this Settlement Agreement; (5) the fact that the Settlement Agreement provides for Settlement Class Members to receive relief in the most expeditious and efficient manner practicable, and thus much sooner than would be possible were the claims in the Action to be litigated successfully through trial and appeal; and (6) the fact that the Settlement Agreement allows Settlement Class Members to exclude themselves from the Settlement Class should they so desire and thereby not be precluded from individually pursuing the claims alleged in the Action or any other claims relating to the conduct of Defendants at issue in the Action.

P.     Defendants have vigorously denied, and continue to vigorously deny, each and every allegation of liability and wrongdoing in the Action and Collateral State Action.  Without admitting any wrongdoing or liability whatsoever, Defendants are nevertheless willing to agree to the terms of this Settlement Agreement provided that all of the claims in the Action are settled and compromised, in order to resolve fully and finally all issues relating to the subject matter of this Action.  Defendants believe this Settlement Agreement is desirable because it allows them to avoid the time and expense of continuing to defend the Action; to avoid further business distractions and diversion of corporate resources necessitated by defense of the Action; to avoid the risks associated with complex litigation; and to end all disputes and potential disputes related to the Action with their valued customers in the Settlement Class.

## II.    DEFINITIONS.

As used in this Agreement and the attached Exhibits, which are an integral part of this Agreement and are incorporated in their entirety by reference, the following terms have the following meanings, unless this Agreement specifically provides otherwise.

A.    "Action" shall mean and collectively refer to the cause of action styled *Dana Bowers, et al. v. Windstream Kentucky East LLC, et al.*, pending in the United States District Court, Western District of Kentucky, Louisville Division, Case No. 3:09-CV-440, including the Collateral State Action pending in the Franklin Circuit Court, *Windstream Kentucky East, LLC v. Public Service Commission of Kentucky and Dana Bowers,* Civil Action Nos. 12-CI-727 and 12-CI-820.

B.    The "Agreement" or "Settlement Agreement" shall mean this Settlement Agreement, including all terms contained herein and Exhibits attached hereto.

C.    "Attorney's Fees" shall mean such reasonable amount as may be awarded by the Court to Class Counsel to compensate them for their legal services provided to the Settlement Class and expenses advanced to the Settlement Class in connection with the Action, as described in Section X of this Agreement.

D.    "Carrier Customers" shall mean Current Customers and Former Customers of Windstream who are telecommunications carriers as that term is defined in 47 U.S.C. § 153(51), who purchased tariffed switched or special access services from Windstream between June 1, 2007 and May 29, 2012. "Carrier

Customers" also includes customers who are not telecommunications carriers but who nevertheless purchased special access services from Windstream between June 1, 2007 and May 29, 2012.

      E.     "Court" shall mean the United States District Court, Western District of Kentucky, Louisville Division.

      F.     "Class Counsel" shall mean collectively David T. Royse, Douglas F. Brent, C. Kent Hatfield, Deborah T. Eversole, and the law firm of Stoll Keenon Ogden PLLC, 2000 PNC Plaza, 500 West Jefferson Street, Louisville, Kentucky 40202.

      G.     "Class Notice" shall mean the notice described in Section V below.

      H.     "Current Customers" shall mean all persons or entities who were customers of Windstream during the time period between June 1, 2007 and May 29, 2012, and who remain Windstream customers as of the Execution Date of this Settlement Agreement.   For avoidance of doubt, customers subscribing to Windstream services for the first time after May 29, 2012, shall not be Current Customers.

      I.     "Defendants" shall mean Windstream Kentucky East, LLC and Windstream Kentucky West, LLC.

      J.     "Defendants' Counsel" shall mean collectively, Joseph L. Hamilton, Mark R. Overstreet, Marjorie A. Farris, Chadwick A. McTighe, and the law firm of Stites & Harbison, PLLC, Suite 1800, 400 W. Market Street, Louisville, Kentucky 40202.

**K.**      "Execution Date" shall mean the date on which this Agreement has been fully executed by Class Counsel and Defendants' counsel.

**L.**      "Fairness Hearing" shall mean the hearing at or after which the Court will make a final decision whether to finally approve this Agreement as fair, reasonable and adequate.

**M.**      "Final Order and Judgment" shall mean the Court's Order approving the Settlement and the Settlement Agreement, as contemplated in Section XII of this Agreement and attached to it as Exhibit D.

**N.**      "Final Settlement Date" shall mean the date on which the Final Order approving this Agreement becomes final, as follows:

**a.**      If no appeal has been taken from the Final Order, "Final Settlement Date" shall mean the date on which the time to appeal from the Final Order has expired; or

**b.**      If any appeal has been taken from the Final Order, "Final Settlement Date" shall mean the date on which all appeals from it, including petitions for rehearing or re-argument, petitions for further review, or any other form of review, have been finally disposed of in a manner that affirms the Final Order.

**O.**      "Former Customers" shall mean all persons or entities who were customers of Windstream during the time period between June 1, 2007 and May 29, 2012, and who are not customers of Windstream as of the Execution Date of this Settlement Agreement.  For avoidance of doubt, any customers whose Windstream

services were terminated for any reason prior to June 1, 2007 and who never again subscribed to Windstream services shall not be Former Customers.

P. "Hearing Order" shall mean the Order to be entered by the Court in connection with preliminary approval, and concerning notice, administration and the Fairness Hearing, as contemplated in Section XI of this Agreement and attached to this Agreement as Exhibit A.

Q. "Incentive Award" shall mean an amount awarded by the Court to each Settlement Class Representative after an appropriate motion for such an award is made by Plaintiffs in an amount not to exceed $5,000.00 each.

R. "Notice Approval Date" shall mean the date on which the Court first approves the form, content, and distribution plan for the Class Notice.

S. "Objections" shall mean any written objections to this Settlement Agreement described in Section VIII below.

T. "Parties" shall mean the Plaintiffs, Dana Bowers and Sunrise Children's Services, Inc., the Settlement Class Members, and Defendants.

U. "Plaintiffs" shall mean Dana Bowers and Sunrise Children's Services, Inc., individually, and as representatives of all Settlement Class Members.

V. "Postal Service" shall mean the United States Postal Service.

W. "Release" shall mean the full release and waiver set forth in Section IX of this Settlement Agreement.

X. "Request for Exclusion" shall mean the written Request for Exclusion from the Settlement Class described in Section VII below.

**Y.**     "Settlement Administrator" shall mean "KCC Class Action Services" (a/k/a Kurtzman Carson Consultants, LLC and referred to herein as "KCC") and the Settlement Administrator shall provide notices, make disbursements and perform other administrative functions with respect to the Settlement as set forth in Section V below and as otherwise agreed by the Parties or directed by the Court.

**Z.**     "Settlement Award" shall mean the award to a Settlement Class Member as described in Section IV below.

**AA.**     "Settlement Class" shall mean all persons or entities who were customers of Windstream Kentucky East, LLC and Windstream Kentucky West, LLC at any point between June 1, 2007 and May 29, 2012 and were assessed a Kentucky Gross Receipts Surcharge.   Excluded from the Settlement Class are Carrier Customers that have executed settlement agreements that Windstream asserts operate to release claims related to the Kentucky Gross Receipts Surcharge. The Carrier Customers excluded from the Settlement Class are listed in Exhibit F filed under seal and attached hereto, and inasmuch as they are not bound or otherwise affected by this Settlement Agreement, they will not receive notice described herein unless otherwise ordered by the Court.

**BB.**     "Settlement Class Members" shall mean each of the members of the Settlement Class defined above.

**CC.**     "Settlement Class Representatives" shall mean the named Plaintiffs in the Action, Dana Bowers and Sunrise Children's Services, Inc.

**DD.** Other terms used in this Agreement but not defined in Section II will have the meanings ascribed to them elsewhere in this Agreement.

### III. CERTIFICATION OF SETTLEMENT CLASS.

**A.** Plaintiffs will seek in this Action the certification of a Settlement Class, for purposes of settlement only. Concurrent with the filing of a motion for preliminary approval of this Settlement Agreement with the Court, Plaintiffs will ask the Court to certify the Settlement Class, as described and defined in Section II above, for settlement purposes only. Plaintiffs and Class Counsel will provide Defendants with a draft of the motion prior to filing, and Defendants will not oppose the motion so long as it is reasonable and consistent with the provisions of this Settlement Agreement.

**B.** The certification of a Settlement Class pursuant to the provisions of this Settlement Agreement will not constitute in this or any other proceeding an admission by Defendants of any kind, nor will it constitute a determination that certification of one or more Classes for trial purposes is appropriate or proper in this or any other action. In the event that the terms of this Settlement Agreement are not finally approved by the Court, or the Settlement Agreement is otherwise terminated or rendered null and void, certification of one or more Settlement Classes only for settlement purposes will be automatically vacated and will not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action are satisfied, and under such circumstances, Defendants expressly reserve all rights to challenge certification of a class for trial purposes in this or any other action on all

available grounds as if no Settlement Class had been certified, and no reference to the prior certification of a Settlement Class, or any documents related thereto, will be made for any purpose.

     C.    This Agreement is subject to the condition that the Court approves the certification of the Settlement Class as an opt out class pursuant to the provisions of Federal Rule of Civil Procedure 23(b)(3).

## IV.    SETTLEMENT RELIEF.

     A.    In return for the releases and dismissal by Settlement Class Members herein, Windstream agrees to make available for payment to Settlement Class Members a total of $7,500,000.00 cash in the form of refunds or bill credits, and will additionally provide Current Customers who are not telecommunications carriers with twelve (12) months of free Inside Wire Maintenance service, which service presently has a stand-alone price of $5.00 per month per account, as specifically set forth below within this Section.

     B.    In addition, above and beyond this compensation to Settlement Class Members, Windstream agrees to also pay: Attorney's Fees to Class Counsel of $2,500,000.00, subject to Court approval, unless the amount finally ordered by the Court or any appellate court is less than $2,500,000.00, in which case that lesser amount shall be the limit of Windstream's obligation for Attorney's Fees; Incentive Awards to Settlement Class Representatives in an amount approved by the Court not to exceed $5,000.00 for each Settlement Class Representative; and all reasonable administrative

fees and expenses to the Settlement Administrator in an amount not to exceed $350,000.00, as specifically set forth herein, unless otherwise agreed by the Parties.

   C.   All Settlement Class Members who are Current Customers or Former Customers and are not Carrier Customers shall receive a one-time lump sum payment in the amount of approximately Ten Dollars ($10.00) if the customer's account is or was a residential account, and approximately Twenty-Five Dollars and Thirty-Five Cents ($25.35) if the customer's account is or was a business account. For Current Customers, the aforesaid amounts shall be issued by Windstream in a bill credit as soon as reasonably possible after the Final Settlement Date, but in no event more than forty-five (45) days after the Final Settlement Date. In the event a Current Customer terminates service prior to the issuance of this bill credit, that customer will be regarded as a Former Customer and will be issued a check by the Settlement Administrator as outlined herein. For Former Customers, Windstream shall deposit the aforesaid funds into an escrow account with the Settlement Administrator within seven (7) days of the Final Settlement Date and the Settlement Administrator shall issue and mail the checks to Former Customers within thirty (30) days thereafter.

   D.   In addition to the compensation described in paragraph IV.C. above, all Settlement Class Members who are Current Customers and are not telecommunications carriers shall also receive free Inside Wire Maintenance service (standalone price is presently $5/month per account) from Windstream for twelve (12) months, beginning as soon as reasonably possible after the Final Settlement Date, but in no event more

than forty-five (45) days after the Final Settlement Date. If any Settlement Class Member who is a Current Customer is already receiving Inside Wire Maintenance service, such Settlement Class Member shall receive a bill credit for the Inside Wire Maintenance charge during the above described twelve (12) month period. Such free Inside Wire Maintenance service (or the bill credit therefor) shall automatically terminate for a Settlement Class Member if that Settlement Class Member terminates service with Windstream prior to the end of the above described twelve (12) month period, or if that Settlement Class Member's services are disconnected by Windstream for failure to make payments and after Windstream has followed its policies concerning disconnects for non-payment, and Windstream shall be under no obligation to provide any other service or compensation to these Settlement Class Members in lieu of this free service. The Parties agree that Current Customers may become Former Customers between the Execution Date and the start of the free service and those customers are not entitled to the free Inside Wire Maintenance Service or the bill credit for the same twelve (12) months.

E.     For all Settlement Class Members who are Carrier Customers, and not otherwise excluded from the Settlement Class as defined in Section II, those Settlement Class Members will receive a one-time lump sum payment in the approximate amount of One Thousand Dollars ($1,000.00). For Current Customers who are Carrier Customers, the aforesaid amounts shall be issued by Windstream in a bill credit as soon as reasonably possible after the Final Settlement Date, but in no event more than forty-

five (45) days after the Final Settlement Date.  In the event a Current Customer who is a Carrier Customer terminates service prior to the issuance of this bill credit, that customer will be regarded as a Former Customer and will be issued a check by the Settlement Administrator as outlined in this paragraph.  Windstream shall deposit the aforesaid funds into an escrow account with the Settlement Administrator within seven (7) days of the Final Settlement Date and the Settlement Administrator shall issue and mail the checks to Carrier Customers who are Former Customers within thirty (30) days thereafter.  If any Carrier Customer who is a member of the Settlement Class also purchased services other than tariffed switched and special access, then in addition to the compensation described in this paragraph, such Carrier Customer will also receive the compensation described in paragraph IV.C. above for business account customers.

F.     The "approximate" refund amounts set forth in the above paragraphs IV.C. and IV.E., will be finalized subject to confirmation of customer data by Windstream and Class Counsel, and as approved by the Court, prior to the issuance of Class Notice.  In any event, the total of all payments by Windstream to Current Customers, Former Customers, and Carrier Customers pursuant to Sections IV.C. and IV.E. shall not exceed $7,500,000.00.

G.     To the extent any Settlement Class Member currently has overdue and outstanding charges owed to Windstream which are in active collection at the time the payments by check or bill credits above are issued, Windstream shall be entitled to credit such payment against the overdue and outstanding amount to the extent of the

overdue and outstanding amount, with any remaining amount to be paid or credited to the Settlement Class Member.

      **H.**    For any Settlement Class Member who receives a Settlement Award cash payment in the form of check instead of bill credit as set forth above in this Section, if the check is not cashed or deposited within 90 days of the date of issuance of the check, then such amount reverts to and remains the property of Windstream with no further recourse afforded to the Settlement Class Member regarding the Settlement Award payment, so long as each such check contains the following language printed in no less than 8 point, bold font: "VOID IF NOT CASHED OR DEPOSITED IN 90 DAYS." The Settlement Administrator shall ensure the language is included on any checks issued pursuant to the terms of this Settlement Agreement and shall return all property of Windstream pertaining to checks not cashed or deposited.

      **I.**    The compensation described above to each of the Settlement Class Members is the result of extensive negotiations between the Parties, in which it was acknowledged that: Defendants deny each of the claims in this Action; if the Action continues, certain issues remain to be decided at the trial courts and/or appellate courts; continued litigation of this Action will result in further uncertainty, expense and delay to the parties; due to the size and nature of the class and the claims, the calculation of customer-specific refund amounts involving varying time periods of service and various services received would involve administrative expense and time commitment that would substantially undermine the purposes of settlement and funds

available therefor; and that the Parties have agreed to the categories of compensation which, when considered as a whole, provide customers in the Settlement Class with compensation packages which are fair, reasonable and appropriate compensation under the circumstances.

J.      Class Counsel reserves the right to request one random sample audit of the Inside Wire Maintenance service provided as part of the Settlement Relief set forth in this Section during the calendar year 2014 upon 30 days written notice to Defendants' Counsel.  The Parties agree to operate in good faith to agree upon an appropriate sample size and method for any such audit requested by Class Counsel, with the sample size being no larger than 125 total customers.  In the event there is an error rate in excess of more than 5% of the sampled customers, the Parties shall make a good faith effort to determine the reason for the error, the extent that any other Settlement Class Members may have been affected, and an equitable method to correct the error for any affected Settlement Class Members.  If the Parties are not able to reach an agreement on a method to address any errors identified, then at Windstream's expense, the discrepancy shall be brought to the attention of the Court, and the Court may impose reasonable remedial relief at its discretion.

## V.      NOTICE TO THE SETTLEMENT CLASS, COSTS OF NOTICE, AND ADMINISTRATION OF SETTLEMENT.

A.      **Identifying Settlement Class Members.**    All Settlement Class Members will be identified by the Settlement Administrator upon a review of the pertinent records provided to it by Windstream and Class Counsel.

17

**B.**     **Short Form "Postcard" Notice.**  Subject to the requirements of the Hearing Order and no sooner than thirty (30) days after the Notice Approval Date and no later than sixty (60) days before the Fairness Hearing, the Parties, by the Settlement Administrator and Windstream's joint efforts, will send the short form Class Notice by First Class Mail, postage prepaid, to all Settlement Class Members for whom such address information may be located, in the following manner. Windstream will mail the short form notice as a standalone bill insert to all Current Customers who have active accounts with Windstream as of the date of the preparation of the notice for mailing.  The Settlement Administrator will mail the short form postcard sized notice to all Settlement Class Members who are Former Customers.  The short form notice shall inform the Settlement Class Members of the Action, that a Settlement has been reached, of opt out rights, and of the availability of a long form notice at a designated website.  The proposed short form notice is attached hereto as Exhibit B.

**C.**     **Long Form Class Notice – Content.**

Subject to the requirements of the Hearing Order and no later than sixty (60) days before the Fairness Hearing, there will be a long form notice published on a designated website, in the form attached hereto as Exhibit C, that will contain the following:

**a.**     A short, plain statement of the background of the Action and the proposed Settlement;

      b.      Describe the proposed relief due Settlement Class Members;

      c.      Explain the impact of the proposed Settlement Agreement on any existing litigation, arbitration, or other proceedings;

      d.      Inform Settlement Class Members that if they do not exclude themselves from the Settlement Class, they will be eligible to receive relief under the proposed Settlement;

      e.      Describe the Release;

      f.      State that any relief to Settlement Class Members is contingent on the Court's Final Approval of the proposed Settlement;

      g.      State that Defendants will pay any costs arising from notifying the Settlement Class or administering the proposed Settlement Agreement, and that individual Settlement Class Members will be responsible themselves for attorney fees and costs of any person they may retain to represent them individually for any reason, including, but not limited to, counsel retained in connection with the Fairness Hearing;

      h.      State that the application by Class Counsel for an Award of Attorney's Fees will be filed and a copy of the application will be available from the Settlement Administrator thirty (30) days before the Fairness Hearing.  State that any award of Attorney's Fees will be in addition to the settlement relief available to Settlement Class Members as outlined in Section IV above;

      i.      The Class Notice will conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the

Due Process Clause), any local court rules and any other applicable law, and will otherwise be in a manner and form agreed to by the Parties and approved by the Court. The form of Class Notice agreed upon by the Parties is attached as Exhibits B and C to this Agreement;

       j.    The Class Notice will also inform Settlement Class Members of their exclusion and objection rights and that they may exclude themselves from the Settlement Class by submitting a written exclusion request to an address to be set up by the Settlement Administrator postmarked no later than ten (10) days before the Fairness Hearing;

       k.    That any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the Proposed Settlement by filing and serving a written statement of objections no later than ten (10) days before the Fairness Hearing;

       l.    That any Settlement Class Member may, if he or she so requests, enter an appearance at the Fairness Hearing either personally or through counsel;

       m.    That any Final Order entered in the action, whether favorable or unfavorable to the Settlement Class, will include, and be binding on, all Settlement Class Members who have not been excluded from the Settlement Class, even if they have objected to the proposed Settlement Agreement and even if they have any other claim, lawsuit, or proceeding pending against Defendants;

       n.    That Settlement Class Members will not be subject to the Release if they properly exclude themselves;

o.    That Settlement Class Members will be subject to the Release if they object to the Settlement.

D.    **Re-mailing and Additional Notice.**  Defendants will, at its cost, cause the Settlement Administrator to re-mail any Class Notice returned by the Postal Service with a forwarding address.

E.    **Retention of Settlement Administrator.**

a.    The Parties jointly will retain KCC as Settlement Administrator to help implement the terms of the Proposed Settlement Agreement.  The Settlement Administrator may assist with various administrative tasks, including, without limitation: (a) mailing the Class Notice to Settlement Class Members;  (b) handling returned mail not delivered to Settlement Class Members; (c) making any additional mailings required under the terms of this Agreement; (d) arranging for and staffing a toll-free number, to assist the Parties in responding to inquiries from Settlement Class Members and others; (e) answering written inquiries from Settlement Class Members or forwarding such inquiries to Class Counsel; (f) receiving or maintaining on behalf of the Court any Settlement Class Member correspondence regarding Requests for Exclusion and Objections to the Settlement Agreement; (g) otherwise assisting with administration of the Settlement Agreement; and (h) establishing and maintaining an interactive website that makes available for Settlement Class Members the Class Notice, and relevant pleadings in this Action.

b.      Defendants will pay the reasonable fees and expenses of the Settlement Administrator as outlined above in section IV, and shall bear the costs associated with notice to, and provision of relief to, Settlement Class Members. The costs of settlement administration and notice will be paid in addition to the settlement relief established for the benefit of Settlement Class Members as outlined in Section IV. Class Counsel and Defendants' Counsel will be entitled to reasonable updates from the Settlement Administrator regarding the progress and performance of the Settlement Administrator.

F.      The website will include a web based form that may be used by Settlement Class Members who are not currently Windstream customers and who have changed addresses since discontinuing Windstream service to provide updated address information and such other information necessary for Windstream to validate any amount to be paid to those former customers pursuant to the terms of this Agreement. The form on the website will be in a form agreed to by the Parties. The website also shall include this Agreement, the Plaintiffs' Motion for Preliminary Approval, the Long Form Notice described above and attached as Exhibit C to this Agreement, and such other documents as the Parties may agree or the Court may direct. Settlement Class Members will have thirty (30) days from the date of publication of the Class Notice to submit updated address and service information. Class Counsel in conjunction with the Settlement Administrator will create, maintain, and operate the website subject to agreement by Windstream concerning content. Class Counsel in conjunction with the Settlement Administrator will manage and organize the information concerning

updated addresses and will provide that information to Windstream in a manner to be agreed upon by the Parties.

G.       Within ten (10) days after the filing of this Settlement Agreement with the Court, Defendants' Counsel will undertake to provide notice as required by the provisions of the Class Action Fairness Act to the appropriate designees.

## VI.   COMMUNICATION WITH SETTLEMENT CLASS MEMBERS.

A.       The Class Notice will list the telephone numbers for Class Counsel and the Settlement Administrator.   Communications with persons receiving Class Notices and Settlement Class Members will be handled through Class Counsel or the Settlement Administrator.

B.       Defendants will not respond to inquiries by Settlement Class Members that are specific to the Settlement Agreement or the Action and will refer all inquiries in that regard to Class Counsel or the Settlement Administrator. However, Defendants may communicate with Settlement Class Members, orally, and/or in writing, regarding matters in the normal course of business, and they may do so through any appropriate agents.

## VII.   REQUESTS FOR EXCLUSION.

A.       Any Settlement Class Member who wishes to be excluded from the Settlement must mail a written Request for Exclusion to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than ten (10) days before the Fairness Hearing, or as the Court otherwise may

direct.  A list of all Requests for Exclusion will be filed with the Court by Class Counsel or the Settlement Administrator at or before the Fairness Hearing.

B.     Any Settlement Class Member who does not file a timely written Request for Exclusion as provided in the preceding paragraph will be bound by the terms of the Settlement Agreement, the Release, and all subsequent proceedings and orders in this Action, even if he or she has litigation pending or subsequently initiates litigation against Defendants relating to the Kentucky Gross Receipts Surcharge and the claims and transactions subject to the Release.

C.     Neither the Parties nor their counsel will solicit or otherwise encourage directly or indirectly any Settlement Class Member to elect not to participate in the Settlement, comment on or Object to the Settlement, or appeal from the Final Order and Judgment.

## VIII.  OBJECTIONS TO SETTLEMENT.

A.     Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, or to the award of Attorney's Fees, must deliver to Class Counsel and Defendants' Counsel and file with the Court, no later than ten (10) days before the Fairness Hearing or as the Court may otherwise direct, a statement of the Objection, as well as the specific reason(s), if any, for each Objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention, any evidence the Settlement Class Member wishes to

introduce in support of the objection. Settlement Class Members may do so either on their own or through an attorney hired at their own expense.

B. Any Settlement Class Member who files and serves a written Objection, as described in the preceding paragraph in this Section, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, or to the award of Attorney's Fees. Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a Notice of Intention to Appear to Class Counsel and Defendants' Counsel, and file that Notice with the Court no later than ten (10) days before the Fairness Hearing, or as the Court otherwise may direct.

C. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraphs of this Section, will waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or object, and will be bound by all the terms of this Agreement and by all the proceedings and orders in the Action.

D. Any Settlement Class Member who objects to the Settlement Agreement will be entitled to all the benefits of the Settlement Agreement if it is given Final Approval.

IX. **DISMISSAL, RELEASE AND WAIVER.**

A. In exchange for the consideration set forth in this Settlement Agreement, Plaintiffs and all Settlement Class Members agree to dismiss with

prejudice as settled all claims in the Action brought against Defendants and to release and waive all claims as set forth herein.

**B.** The Parties together will use their best efforts, and agree to cooperate, to expeditiously obtain from the Court, as a condition of Settlement, a Final Order and Judgment in substantially the same form as attached hereto as Exhibit D. The Final Order and Judgment will, among other things: (1) approve the Settlement Agreement as fair, reasonable, and adequate; (2) dismiss the action with prejudice and on the merits; and (3) incorporate the terms of the Release.

**C.** Upon Final Approval of this Settlement Agreement, Plaintiffs, on their own behalf and as representatives for and on behalf of each and every Settlement Class Member, and all persons purporting to act on their behalf or purporting to assert a claim through or under them (whether individual, class, representative, legal, equitable, direct, indirect, or of any other type or in any other capacity), including, but not limited to, their attorneys, agents, spouses, partners, dependents, heirs, assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, or any and all other parties claiming through or by virtue of any Settlement Class Member (collectively, the "Releasing Persons"), shall forever fully, completely, and irrevocably release, waive, withdraw, retract and forever discharge Defendants, Windstream Kentucky East, LLC and Windstream Kentucky West, LLC, and all their predecessors, successors, parents, subsidiaries, affiliates, representatives, officers, directors, employees, independent contractors, attorneys, experts,

principals, agents, persons or entities who acted on its behalf, and persons or entities on behalf of whom it was acting (collectively, the "Released Parties"), from any and all claims, rights, and causes of action for damages, punitive or statutory damages, penalties, losses, and relief of any kind or nature whatsoever, whether arising under federal, state, territorial, or local statutes, acts, ordinances, or regulations, or federal, state, territorial, or local common law, asserted or unasserted, known or unknown, suspected or unsuspected, contingent or noncontingent, that any of the Releasing Persons has or may have had against any of the Released Parties in any matter relating to: (1) the Action; (2) the allegations contained in the underlying complaints in the Action; (3) any action or failure to act by any of the Released Parties relating to the allegations set forth in the Action; and/or (4) any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or a Settlement Class Member in the Action, or by Plaintiffs, or Settlement Class Members, or any of them.

D.     This Settlement Agreement is a full compromise, settlement, release, waiver, and discharge of the all claims that have been or could have been asserted by a Settlement Class Member in the Action and the Released Parties will have no further or other liability or obligation to any Settlement Class Member with respect thereto, except as expressly provided herein.

E.     Plaintiffs and, to the fullest extent not prohibited by law, the Settlement Class Members are prohibited from ever asserting a claim, and from commencing, joining in, or voluntarily assisting in a lawsuit or adversary

proceeding against the Released Parties, or any of them, arising out of, regarding, or relating in any way to the claims that were asserted or could have been asserted in the Action.

F.      Plaintiffs and, to the fullest extent not prohibited by law, the Settlement Class Members, covenant and agree not to ever assert a claim released in this Agreement, or to commence, join in, or voluntarily assist, in a lawsuit or adversary proceeding against the Released Parties, or any of them, arising out of, regarding, or relating in any way to the claims that were asserted or could have been asserted in the Action.  Class Counsel agrees not to initiate contact with persons whose identities they learn in the course of this Settlement for the purposes of offering legal services to or entering into an individual attorney-client relationship with any of these persons with respect to the matters asserted or that could have been asserted in this Action.  Class Counsel agrees not to represent any Settlement Class Members who have excluded themselves from this Settlement Agreement on a class action basis seeking relief against the Defendants related to claims that were asserted or could have been asserted in the Action.  This provision is not intended to violate any professional or ethical considerations, and shall be construed to be consistent with such considerations.

G.      Plaintiffs warrant and represent that:  (1) They have not individually or collectively with any Settlement Class Members assigned their settled claims; and (2) to the best of their individual and collective knowledge, each is the sole owner of his or her settled claims.  Plaintiffs will hold the Released Parties, or any

of them, harmless from and against any claims, damages, litigation, causes of action, and expenses, including reasonable attorneys' fees, resulting from any breach by them of this warranty and representation, or any breach by his or her release as set forth in this Section.

H.      Nothing in this Release will preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes contained in this Settlement Agreement.

I.      The Parties intend that this Agreement is a final and complete resolution of all disputes asserted or which could have been asserted by Settlement Class Members against Windstream.  Accordingly, Windstream and Settlement Class Members agree not to assert in any forum that the Action was brought by Settlement Class Members or defended by Windstream in bad faith or without reasonable basis.  The Parties shall not request, claim, or move that any court or tribunal impose sanctions or liability relating to the prosecution, defense or settlement of the Action.

## X.   ATTORNEY'S FEES AND CLASS REPRESENTATIVE INCENTIVE AWARD.

A.      At or before the time of the Fairness Hearing, Class Counsel may submit an application for an award of Attorney's Fees.  As set forth above, Windstream agrees to pay Attorney's Fees to Class Counsel in the amount of $2,500,000.00, subject to Court approval, unless the amount finally ordered by the Court or any appellate court is less than $2,500,000.00, in which case that lesser amount shall be the limit of Windstream's obligation for Attorney's Fees.

Defendants agree not to object to such an application for the Award of Attorney's Fees so long as such application does not exceed a total of Two Million Five Hundred Thousand Dollars ($2,500,000.00).   In the event the Court declines to approve the requested amount of Attorney's Fees to be paid by Windstream, or approves Attorney's Fees in a lesser amount only, such order shall be subject to appeal by Class Counsel as a real party in interest, and Windstream shall not contest such appeal, but such appeal shall in no way impact the finality or any other aspect of the Settlement Agreement.

This amount of Attorney's Fees to be paid by Windstream was agreed upon after negotiation and settlement of the Settlement Class Members' claims. Defendants will not be liable or obligated to pay any other expenses, costs, damages, or fees incurred by the Class Representatives, by any Settlement Class Member, by any of their attorneys, experts, advisors, investigators, agents, or representatives or by any person, either directly or indirectly, in connection with the Action and this Settlement Agreement, other than the amounts expressly provided for by this Settlement Agreement.  Any award of Attorney's Fees by the Court or an appellate court, as set forth above, will be in complete satisfaction of any and all claims for attorneys' fees, costs, and expenses that the Settlement Class Representatives, Settlement Class Members, Class Counsel, or any other counsel has or may have against Defendants arising out of or in connection with the Action and the settlement of the claims against Defendants in the Action.  The Parties agree that the award of Attorney's Fees is severable from the other terms of this

30

Settlement Agreement, and that any decisions by the Court with regard to such application, or any appeal by Class Counsel as a real party in interest, will not have any effect on the other terms of this Settlement Agreement.

      **B.**    In addition to their individual settlement compensation as Settlement Class Members, the Settlement Class Representatives, Dana Bowers and Sunrise Children's Services, Inc., will apply to the Court, at or before the time of the Fairness Hearing, for approval of incentive awards not to exceed $5,000.00, to each of them respectively, to compensate them for initiating the Action, collecting and producing documents, undergoing depositions and performing other work in support of the Action. The amount of these incentive awards were agreed upon after negotiation and settlement of the Settlement Class Members' claims. The Parties' agreement to enter into this Settlement Agreement is not contingent upon the Court's approval of the application for an Incentive Award. The Parties agree that the award of any Incentive Award is severable from the other terms of this Settlement Agreement, and that any decision by the Court with regard to such application will not have any effect on the other terms of this Settlement Agreement. Windstream will not object to any Incentive Award application that does not exceed $5,000.00 per Settlement Class Representative.

      **C.**    The payment of any Attorney's Fees and class representative Incentive Award as provided for in this Section and approved by order of the Court will be in addition to the settlement relief available to Settlement Class Members as outlined in Section IV above.

D.      Any Attorney's Fee award and Incentive Award that the Court orders to be paid in accordance with the terms of this Agreement will be paid by Windstream within seven (7) days of the Final Settlement Date.  In the event the Court enters an order disapproving the Attorney's Fee request, or approving an amount less than what has been requested, then Windstream shall pay the amount ordered within seven (7) days of such order, and Class Counsel's right of appeal shall not be prejudiced by acceptance of such amount.  If Class Counsel elect to appeal such order as described in paragraph X.A. above, Windstream shall remain obligated to pay any additional amount ordered upon finality of such appeal, but in no event will the total payments of Attorney's Fees paid by Windstream to Class Counsel exceed $2,500,000.00.

## XI.    ORDER OF NOTICE AND SETTLEMENT HEARING.

Within seven (7) days of executing this Agreement, the Plaintiffs will file a motion for Preliminary Approval of Settlement with the Court, attaching this Agreement and all Exhibits, to seek and obtain from the Court a Hearing Order in substantially the form of Exhibit A attached to this Agreement, unless otherwise agreed to by the Parties.

## XII.   FINAL APPROVAL AND FINAL ORDER AND JUDGMENT.

After the Fairness Hearing, and upon the Court's approval of the Agreement, the Parties will seek and obtain from the Court a Final Order and Judgment approving the Settlement Agreement in a form substantially similar to Exhibit D attached to this Agreement.  Additionally, the Parties will seek and obtain from the

Franklin Circuit Court an Order dismissing the Collateral State Action in a form substantially similar to the attached Exhibit E to this Agreement. This Agreement is contingent on the Franklin Circuit Court entering an Order substantially in the form attached as Exhibit E to this Agreement, including agreement by the Public Service Commission to the tendering and entry of said Order.

## XIII.   MODIFICATION OR TERMINATION OF THIS AGREEMENT.

A.     The terms and provisions of this Agreement may only be amended, modified, or expanded by agreement of the Parties and approval of the Court; provided however, the Parties may by agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents, including all Exhibits to it (without notice to or approval of the Court) if such changes are consistent with the Court's orders and do not limit the rights of Settlement Class Members under this Agreement.   Any such amendments, modifications or expansions of this Agreement must be in writing and signed by all Parties.

B.     This Agreement will terminate at the sole option and discretion of either Party if (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the Proposed Settlement that the terminating party in its (or their) sole judgment and discretion reasonably determine(s) is material, including without limitation, the terms of relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Release; or (2) the Court,

or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order, or any of the Court's findings of fact, or conclusions of law, that the terminating party in its (or their) sole judgment and discretion believe(s) is material.

C.      If the number of Settlement Class Members who validly submit a Request for Exclusion exceeds two hundred and fifty (250), Defendants may, but are not required to, void the Settlement Agreement within five (5) days of the exclusion deadline outlined above.

D.      Notwithstanding the preceding paragraphs, Plaintiffs may not terminate this Agreement solely because of the amount of the Attorney's Fees or class representative Incentive Award ordered by the Court or any appellate court(s).

E.      If an option to withdraw from and terminate this Agreement arises under the preceding paragraphs B or C of this Section, no Party is required for any reason or under any circumstance to exercise that option.

F.      If this Agreement is terminated pursuant to the preceding paragraphs of this Section, then:

a.      This Agreement will be null and void and will have no force or effect, and no Party to this Agreement will be bound by any of its terms;

b.      All of its provisions, and all negotiations, statements, and proceedings related to it will be without prejudice to the right of Defendants,

Plaintiffs, and/or any Settlement Class Member, all of whom will be restored to their respective positions existing immediately before the execution of the Agreement;

      c.     Defendants expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action;

      d.     Plaintiffs and the Settlement Class Members, on behalf of themselves and their heirs, assigns, executors, administrators and successors, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of action, or remedies that have been or might be later asserted in the Action; and

      e.     Neither this Agreement, the fact of it having been made, the negotiations leading to it, nor any action taken by a Party or Settlement Class Member pursuant to this Agreement will be admissible or entered into evidence for any purpose whatsoever.

## XIV.  DENIAL OF LIABILITY.

Defendants enter into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Defendants expressly deny that they have engaged in any misconduct, and agree to settle to avoid the continued expense and distraction of litigation.  Neither this Agreement, any of its terms or provisions, nor any of the negotiations or proceedings connected with it, will be construed as an admission or concession by Defendants of any of the allegations in

the Action, or of any liability, fault, or wrongdoing of any kind on the part of Defendants.

## XV.   <u>GENERAL MATTERS AND RESERVATIONS.</u>

A.     To the extent there are disputes regarding the interpretation of any term of this Agreement, the Parties will attempt to resolve any such dispute in good faith. If the Parties fail to resolve the dispute, the Court retains jurisdiction over the Settlement Agreement.

B.     Class Counsel represent that: (1) they are authorized to enter into this Agreement; and (2) Class Counsel are seeking to protect the interests of the entire Settlement Class.

C.     Class Counsel and Defendant's Counsel agree to implement the terms of this Agreement in good faith and to undertake their best efforts and mutually cooperate to effectuate this Settlement Agreement, including using good faith in resolving any disputes that may arise in the implementation of this Agreement and taking all steps and efforts contemplated by this Agreement, and any other steps and efforts that may be necessary by order of the Court or otherwise.

D.     The Parties, their successors and assigns, and their attorneys, agree to cooperate fully with one another in seeking Court approval of the Settlement Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed Settlement.

E.      The Parties expressly acknowledge that no other agreements, arrangements, or undertakings not expressed in this Agreement exist among them or between them.

F.      This Agreement and any auxiliary agreements will be governed by and interpreted according to the laws of the Commonwealth of Kentucky, excluding its conflict of law provisions.

G.      Any action to enforce this Agreement will be commenced and maintained only in this Court.

H.      Whenever this Agreement requires or contemplates that one Party will or may give notice to the other, notice will be provided by email and/or next day express delivery service as follows:

    a.      If to Plaintiffs, then to:

        David T. Royse
        Douglas F. Brent
        C. Kent Hatfield
        Deborah T. Eversole
        2000 PNC Plaza
        500 West Jefferson Street
        Louisville, KY 40202

    b.      If to Defendants, then to:

        Joseph L. Hamilton
        Mark R. Overstreet
        Marjorie A. Farris
        Chadwick A. McTighe
        400 W. Market Street, Suite 1800
        Louisville, KY  40202

I.     All parties agree that this Agreement is clear and unambiguous, and was drafted by counsel for the Parties at arms-length, and that no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Agreement was made or executed.

J.     No opinion concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is given or will be given by Defendants, Defendants' Counsel, or Class Counsel, nor are any representations or warranties in this regard made by virtue of this Agreement. The Class Notice will direct members to consult their own tax advisors regarding the tax consequence of the proposed Settlement Agreement, and any tax reporting obligations they may have with respect to the Settlement Agreement. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

K.     This Agreement may be signed in counterparts, each of which will constitute a duplicate original.

N.     This Agreement is contingent on the Parties and the Public Service Commission agreeing to work with the Franklin Circuit Court to institute a stay of that Collateral State Action pending this Court's review of the Agreement and entry of an Order in substantially the same form as attached as Exhibit E.

O.     Information concerning Defendants' Current and Former customers, their services, length of service, telephone number and address (to the extent the telephone number and address are not published) shall be deemed to be confidential. Any information provided to Class Counsel and the Settlement Administrator to effectuate the provisions of this Agreement shall be handled in accordance with the Protective Order previously filed by the parties and entered by the Court. All other confidential information exchanged by the Parties, whether formally or informally, shall remain subject to the Protective Order. Finally, to the extent the Parties are asked for public comment regarding the Settlement Agreement and its terms, the Parties agree to limit their comments to information contained in publicly-filed pleadings, and not reference or disclose any information that is confidential or subject to the Protective Order. Exhibit F, which identifies Carrier Customers excluded from the Settlement Class, will be filed separately under seal with the Court as part of this Settlement Agreement but will not be published in the public record or on the website established for purposes of facilitating this Settlement Agreement, unless otherwise ordered by the Court.

P.     This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties, their attorneys, successors, parent companies, subsidiaries, affiliates, assigns, agents, directors, officers, employees, and shareholders.

Dated:  May 24, 2013

STITES & HARBISON, PLLC

By _____
    Joseph L. Hamilton
    Mark R. Overstreet
    Marjorie A. Farris
    Chadwick A. McTighe
    400 W. Market Street, Suite 1800
    Louisville, KY  40202

DEFENDANTS' COUNSEL


STOLL KEENON OGDEN PLLC

By _____
    David T. Royse
    Douglas F. Brent
    C. Kent Hatfield
    Deborah T. Eversole
    2000 PNC Plaza
    500 West Jefferson Street
    Louisville, KY  40202

PLAINTIFFS' COUNSEL

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Dana Bowers and Sunrise Children's Services,
Inc., on Behalf of Themselves and
Others Similarly Situated,

PLAINTIFFS

v.

Windstream Kentucky East, LLC, et al.

DEFENDANTS.

CIVIL ACTION NO. 3:09-CV-440

ELECTRONICALLY FILED

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
ESTABLISHING NOTICE PLAN, SETTING CERTAIN DEADLINES, AND
SCHEDULING A FAIRNESS HEARING**

The parties to this litigation have entered into a Settlement Agreement dated May 24th, 2013, which if approved, would resolve this class action.  Plaintiffs have filed a motion for preliminary approval of the Settlement Agreement, which Defendants support.  The Court has read and considered the Settlement Agreement and all exhibits thereto, including the proposed class notice, and finds there is sufficient basis for: (A) granting preliminary approval of the Settlement Agreement; (B) certifying a Settlement Class for settlement purposes; (C) appointing Dana Bowers and Sunrise Children's Services, Inc., as Class Representatives for the Settlement Class and their counsel as Class Counsel for the Settlement Class; (D) directing that notice be disseminated to the Settlement Class; and (E) setting a hearing at which the Court will consider whether to grant final approval of the Settlement Agreement and Class Counsel's application for attorneys' fees and an incentive award to the Class Representatives.

The Court now GRANTS the motion for preliminary approval and makes the following

findings and orders:

1.     The Court previously certified a class in this matter, having found that the requirements of Fed. R. Civ. Pro. 23(b)(3) had been satisfied.  For purposes of settlement, the Court finds that the Settlement Class, as defined in the Settlement Agreement to exclude certain carrier customers of Windstream as defined in the Settlement Agreement, likewise meets the requirements of Fed. R. Civ. Pro. 23(b)(3), and hereby certifies a Settlement Class of persons as defined in the Settlement Agreement for the same reasons articulated in its previous opinions and orders certifying a class.

2.     The Court appoints Plaintiffs, Dana Bowers and Sunrise Children's Services, Inc., as Class Representatives for the Settlement Class for purposes of the Settlement Agreement.

3.     The Court appoints David T. Royse, C. Kent Hatfield, Douglas F. Brent, and Deborah T.  Eversole of the law firm STOLL KEENON OGDEN PLLC to serve as Class Counsel for purposes of the Settlement Agreement.

4.     The Court preliminarily approves the proposed Settlement Agreement, and finds that the Settlement Agreement appears sufficiently fair, reasonable and adequate to warrant dissemination of notice of the proposed settlement to the Settlement Class Members.  The Court finds that the Settlement Agreement was arrived at as a result of arms-length negotiations between Plaintiffs and Defendants, that there is no evidence of collusion, and is fair, reasonable and adequate.   Accordingly, the Court GRANTS preliminary approval of the Settlement Agreement.  The Settlement Agreement will be submitted to Settlement Class Members for their consideration and for a hearing in accordance with Fed. R. Civ. Pro. 23.

5.     A formal fairness hearing to determine whether the Court should enter an order granting final approval of the Settlement Agreement, an award of attorney fees and expenses to

Class Counsel, and incentive payment to Class Representatives, Dana Bowers and Sunrise Children's Services, Inc., (the "Fairness Hearing"), shall be held on _____, 2013, before this Court in Louisville, Kentucky at _____a.m./p.m.

6.      The Court has considered the forms of notice and plan of dissemination proposed by Plaintiffs, and hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class set forth in the Settlement Agreement. The Court finds that the proposed notice forms and plan of dissemination meet the requirements of the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. Pro. 23, are the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The notice approved in this order is in place of the notice approved by the Court in its March 1, 2013 Order approving class notice. In the event that the Settlement Agreement is not given final approval the parties will provide the Court with new dates to comply with the notice plan approved by the Court in its March 1, 2013 Order for purposes of trial.

7.      The parties are authorized to retain the firm of KCC Class Action Services (a/k/a Kurtzman Carson Consultants, LLC and referred to herein as "KCC") to act as the Settlement Administrator in this matter. KCC shall disseminate the Class Notice, establish and maintain a website with information regarding the settlement, and otherwise fulfill the duties delegated to it according to the provisions of the Settlement Agreement.

8.      The notice attached as Exhibit A to the Settlement Agreement shall be mailed by First-Class Mail, postage prepaid, to each Settlement Class Member no later than 60 days before the Fairness Hearing. The Settlement Administrator will re-mail any Class Notice with a

forwarding address that is received by the Settlement Administrator.  The long form notice attached as Exhibit B to the Settlement Agreement shall be posted on a website designated www.KYGRSclassaction.com no later than 60 days before the Fairness Hearing.

9.     As set forth in the Settlement Agreement, Defendants shall bear all costs and expenses in connection with providing notice to the Settlement Class and administering the proposed Settlement Agreement.

10.    No later than five (5) days prior to the Fairness Hearing, the Settlement Administrator and Windstream, shall provide an affidavit to the Court, with a copy to Class Counsel and Defendants' counsel, attesting that notice was disseminated in a manner consistent with the terms of the Settlement Agreement or as ordered by this Court.

11.    Any Settlement Class Member shall have the right to opt out of the Settlement Class and the Settlement by sending a written request for exclusion to the Settlement Administrator at the address listed in the Class Notices, postmarked no later than [10 days before the Fairness Hearing].  Any Settlement Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order entered concerning the Settlement Agreement, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against Defendants related to the Contracts owned during the Class Period.

12.    Any Settlement Class Member who does not submit a timely and valid request for exclusion shall be enjoined from filing, commencing, prosecuting intervening in, participating in, as a Settlement Class Member or otherwise, or receiving any benefits from, any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, based on or relating to the released transactions.

13.     All persons are further enjoined from filing, commencing, or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in any pending action in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, based on or relating to the released transactions.

14.     Any member of the Settlement Class who intends to object to final approval of the Settlement Agreement or Attorney Fee Application must file any such objection with the Court, and provide copies of the objection or comment to Class Counsel and Counsel for Defendants no later than [10 days before the Fairness Hearing].

15.     Class Counsel and Counsel for Defendants shall promptly furnish each other with copies of any and all objections or written requests for exclusion that may come into their possession.

16.     Any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing to show cause why the proposed Settlement Agreement should not be approved as fair, adequate and reasonable, or object to any petitions for attorneys' fees and costs, and class representative incentive awards, but only if the Settlement Class Member has first filed written objections to the proposed Settlement Agreement by the deadline set forth in this Order. In doing so, the objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Fairness Hearing by the Objection Deadline.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Order, will be deemed to

have waived any objections to the Settlement Agreement and will be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

17.     The procedures and requirements for filing objections in connection with the Final Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

18.     Counsel for the respective parties shall file memoranda, declarations, or other statements and/or other materials in support of the request for final approval of the parties' Settlement Agreement, no later than [5 days before Fairness Hearing].

19.     Class Counsel shall file an application for an award of attorneys' fees and costs and for an incentive award for the Class Representatives, Dana Bowers and Sunrise Children's Services, Inc., ("Fee Application") no later than [30 days before the Fairness Hearing].

# EXHIBIT B

Exhibit ____

[Text to be formatted for postcard mailing.]

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

*A court authorized this notice. Read it carefully.*
*A Class Action Settlement could affect your rights.*

There is a proposed settlement of a class action lawsuit (Case No. 3:09 CV-440-JGH) in federal court in Louisville, Kentucky on behalf of a Settlement Class consisting of customers of Windstream Kentucky East, LLC and Windstream Kentucky West, LLC, two telephone service providers (collectively "Windstream'). Based on Windstream's records, **you are in the Settlement Class.** The lawsuit alleges that Windstream violated federal and Kentucky law by collecting a KY GROSS RECEIPTS SURCHARGE without properly including the charge in tariffs filed with federal and state regulatory authorities. Windstream has denied any wrongdoing and makes no admission of liability by agreeing to this settlement. The Court appointed two Settlement Class Representatives and the law firm STOLL KEENON OGDEN PLLC, 2000 PNC Plaza, 500 West Jefferson Street, Louisville, Kentucky 40202, to represent the Settlement Class. The Settlement provides relief in the form of a refund and other benefits to Settlement Class Members. The Court certified this as an "opt out" Settlement Class, meaning that you may elect not to participate in the settlement and you may hire and pay your own attorney to investigate or pursue any claims you may have. If you elect to opt out, the Court will exclude you from the Settlement Class. A full description of the Settlement can be found by visiting the website www.KYGRSclassaction.com.

To stay in the Settlement Class and receive the benefits provided for in the Settlement Agreement, no action is required. You are not being sued. To opt out, you must do so before [DATE]. Every Settlement Class Member who does not opt out is bound by the terms of the Settlement Agreement, which includes a full release of all claims. If you choose to opt out, you must mail a written statement that you elect to opt out, including your name, address, and phone number, to the return address on this postcard. Your statement electing to opt out must be postmarked no later than [DATE].

To obtain more information about the case, you may visit the website www.KYGRSclassaction.com. You may also call 800-XXX-XXXX and request a copy of a detailed notice about the case or a form to notify the settlement administrator of a change of your address.

# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Dana Bowers and Sunrise Children's Services,
Inc., On Behalf of Themselves and Others
Similarly Situated,

PLAINTIFFS                                    CIVIL ACTION NO. 3:09-CV-440

v.

Windstream Kentucky East, LLC, et al.,

DEFENDANTS.

## NOTICE OF CLASS ACTION SETTLEMENT

**If At Some Point Between June 1, 2007 And May 29, 2012 You Were A Customer Of Windstream Kentucky East, LLC Or Windstream Kentucky West, LLC And Were Assessed a Kentucky Gross Receipts Surcharge, Then You Are A Member Of The Settlement Class. Excluded from the Settlement Class Are Certain Carrier Customers Who Had Previous Settlement Agreements with Windstream Releasing Claims Related to the Assessment of the Kentucky Gross Receipts Surcharge. The Carrier Customers Excluded From This Settlement Are Detailed In The Settlement Agreement. Therefore, If The Settlement Described In This Notice Is Approved, Your Legal Rights Will Be Affected Whether Or Not You Act. PLEASE READ THIS NOTICE CAREFULLY.**

**If After Reading This Notice You Still Have Questions, You May Learn More About The Settlement By Accessing www.KYGRSclassaction.com Or Calling 1-800-XXX-XXXX.**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **Do Nothing** | If you are a Settlement Class Member and want to receive the benefits provided for in the Settlement Agreement, you need not take any action. By remaining a Settlement Class Member, you will be barred from filing your own lawsuit against Windstream for the claims asserted in the action and covered by the Settlement Agreement. |
| **Exclude Yourself by [10 days before Fairness Hrg]** | If you do not wish to be a member of the Settlement Class and receive the benefits provided for in the Settlement, you must affirmatively exclude yourself from this action. |

| | If you exclude yourself, you will not receive any benefit from the Settlement, but you will retain any right to seek redress against Windstream at your own expense. |
|---|---|
| Object to the Settlement by [10 days before Fairness Hrg] | If you do not wish to exclude yourself but wish to remain a part of the Settlement Class, you may still object to any part of the Settlement, but you must file notice of your intentions as set forth below. |
| Attend Final Fairness Hearing | There will be a final hearing to determine whether the Settlement will be approved.  The hearing is scheduled for _____, 2013 at _____ a.m./p.m., Courtroom __ before the Honorable John G. Heyburn.  If you want, you are invited to attend. |
| | |

## TABLE OF CONTENTS

Basic Information ............................................................................................
   1. ............................................................................................ .
      Why is this Notice being published? ..................................................
   2. ............................................................................................ .
      What is this lawsuit about? ..............................................................
   3. ............................................................................................ .
      Why is this case a class action? ......................................................
   4. ............................................................................................ .
      Why is there a Settlement? ..............................................................
   5. ............................................................................................ .
      How do I know whether I am a part of the Settlement Class? ............................
   6. ............................................................................................ .
      Are there other exceptions to being included?............................................

The Settlement Benefits – What You Will Receive ......................................
   7. ............................................................................................ .
      What does the Settlement Provide? ..................................................
   8. ............................................................................................ .
      How much will my payment be? ......................................................

9. ......................................................................................................................... .
    When will I get my payment?.....................................................................
10. ......................................................................................................................... .
    What is the effect of not excluding myself from the Settlement Class? ...............
11. ......................................................................................................................... .
    How do I exclude myself from the Settlement and not release my claims?........
12. ......................................................................................................................... .
    If I don't exclude myself from the Settlement Class, can I still sue Windstream
    separately for the claims being made in *Bowers*? ..........................................
13. ......................................................................................................................... .
    If I exclude myself from the Settlement Class, can I get money from this
    Settlement in connection with this action? ..................................................

**The Lawyers Representing You**.........................................................................
14. ......................................................................................................................... .
    Do I have a lawyer in the case?..................................................................
15. ......................................................................................................................... .
    How will the lawyers get paid?...................................................................

**Objecting to the Settlement** .........................................................................
16. ......................................................................................................................... .
    How do I tell the Court that I do not like an aspect of the Settlement? ...............
17. ......................................................................................................................... .
    What is the difference between objecting and excluding? .............................
18. ......................................................................................................................... .
    When and where will the Court decide whether to approve the Settlement?....
19. ......................................................................................................................... .
    Do I have to come to the hearing?................................................................
20. ......................................................................................................................... .
    May I speak at the hearing?........................................................................

**If You Do Nothing**.........................................................................................
21. ......................................................................................................................... .
    What happens if I do nothing at all?............................................................

**Getting More Information**.............................................................................
22. ......................................................................................................................... .
    Where can I get more details about the Settlement? .....................................

## QUESTIONS YOU MAY HAVE

| 1. Why is this Notice being published? |
| --- |

If you received a postcard notice directing you to the website containing this long form notice, it has been determined from the records of Windstream that, at some point during the time period June 1, 2007 to May 29, 2012, you were a customer of Windstream Kentucky East or Windstream Kentucky West and were assessed a Kentucky Gross Receipts Surcharge. If so, you may, as explained below, receive the benefits of this Settlement. Alternatively, you may elect to exclude yourself and not receive the benefits of the settlement described in this Notice.

## 2. What is this lawsuit about?

This action was filed in the United States District Court for the Western District of Kentucky, Louisville Division, in June 2009 on behalf of a purported class consisting of customers of Windstream Kentucky East and Windstream Kentucky West, two telephone service providers (together, "Windstream"). The lawsuit alleges that Windstream violated federal and state laws in collecting from the Settlement Class a Kentucky Gross Receipts Surcharge on certain services without including it in appropriate tariffs. Windstream has denied any wrongdoing. This case has been the subject of extensive discovery and motion practice.

To the extent you desire more information about the underlying case, you may access important pleadings and orders in this case at www.KYGRSclassaction.com.

On _____, 2013, the Honorable John G. Heyburn, after reviewing the proposed settlement, preliminarily approved the settlement. He has directed that this Notice explaining the Settlement and your rights as a Settlement Class Member be published.

## 3. Why is this a Class Action?

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of others who have similar claims. In this case, Dana Bowers and Sunrise Children's Services, Inc., have asserted claims and asked that the matter be treated as a Class Action. The Court previously certified a class in this matter, and has certified that this case may proceed as a class action for settlement purposes.

## 4. Why is there a settlement?

After nearly four (4) years of litigation, during which extensive discovery was undertaken by both sides, and various motions were briefed and argued, the parties engaged in lengthy settlement negotiations. In order to avoid the risk of an

adverse decision, the risks of a trial and further delay, the parties decided to resolve this matter with a settlement.

| **5.  How do I know whether I am a part of this Settlement Class?** |
|---|

You are a part of the Settlement Class if you were a Windstream Kentucky East or Windstream Kentucky West customer at any time from June 1, 2007 to May 29, 2012 and were assessed a Kentucky Gross Receipts Surcharge.  Excluded from the Settlement Class are certain carrier customers who had previous settlement agreements with Windstream that Windstream asserts operate to release claims related to the assessment of the Kentucky Gross Receipts Surcharge.  The carrier customers excluded from this Settlement are detailed in the Settlement Agreement and have been identified to the Court.

| **6.  Are there other exceptions to being included?** |
|---|

In this Class Action, you will be part of the Settlement Class unless you affirmatively exclude yourself from the Settlement Class as is explained in No. 11 below.

### THE SETTLEMENT BENEFITS – WHAT YOU WILL RECEIVE

| **7.  What does the Settlement provide?** |
|---|

- Settlement Class Members will receive payments in the form of check or bill credit depending on whether they are current or former customers of Windstream.  The amount of the payment will depend on whether the customer was a residential, business or carrier customer and the amount of the payment is estimated to be approximately $10 for residential customers, approximately $25 for business customers, and approximately $1,000 for carrier customers.   Additionally, current customers who are not telecommunications carriers will receive free inside wire maintenance for one year (twelve (12) months), which is valued at $5 per month per customer account.

- As detailed in the Settlement Agreement, the Settlement will release Windstream from any and all claims related in any way to assessment of the Kentucky Gross Receipts Surcharge during the time period covered by the Settlement.

- Windstream will pay for costs associated with this notice and administering the Settlement and these amounts will not be deducted from the settlement amount explained above.

**8.   How much will my payment be?**

- The amount of your payment depends on whether you were a residential, business or carrier customer of Windstream. The payment is estimated to be approximately $10 for residential customers, approximately $25 for business customers, and approximately $1,000 for carrier customers. Additionally, current customers who are not telecommunications carriers will receive free inside wire maintenance for one year (twelve (12) months), which is valued at $5 per month per customer account.

- No opinion regarding the tax consequences to individual Settlement Class Members is given by Windstream, Class Counsel or the Settlement Administrator. Each Settlement Class Member's tax obligations are the sole responsibility of the Settlement Class Member and it is understood that tax consequences may vary depending on the particular circumstances of each Settlement Class Member.

**9.   When will I get my payment?**

Once the settlement is finally approved and there are no pending appeals, the amount owed to Settlement Class Members will be paid within 30 days.

**10. What is the effect of not excluding myself from the Settlement Class?**

If you don't exclude yourself from the Settlement Class, you will be a Settlement Class Member and bound by all orders entered by the Court regarding the Settlement. This will include the release of certain claims against Windstream. If the Settlement is approved, you will not be able to bring a separate lawsuit or be part of any other lawsuit or arbitration against Windstream for the released claims.

**11. How do I exclude myself from the Settlement and not release my claims?**

To exclude yourself from the settlement you must send a letter to the Settlement Administrator saying that you want to be excluded from the Settlement Class in the *Bowers v. Windstream* matter. In your letter, you should give your name, address and telephone number and you must sign the letter. It must be postmarked no later than [ten days before the Fairness Hearing]. It should be sent to:

**[Add pertinent KCC address information here.]**

If you do not follow these procedures including mailing your exclusion by [ten days before the Fairness Hearing], you will not be excluded from the Settlement Class and you will be bound by all of the orders and judgments entered by the Court including the release of any claims you may have.

**12. If I don't exclude myself from the Settlement Class, can I still sue Windstream separately for the claims being made in *Bowers*?**

> No.

**13. If I exclude myself from the Settlement Class, can I get money from this Settlement?**

> No.

**14. Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm STOLL KEENON OGDEN, PLLC, to represent the Settlement Class. You will not be billed or charged by these lawyers. They must seek an order from the Court in order to be paid by Windstream the expenses that have been incurred and compensation for their time and effort.

**15. How will the lawyers get paid?**

At the final hearing on _____, Class Counsel in this matter will ask the Court to award them up to $2.5 Million in attorney's fees and costs to be paid by Windstream in addition to the benefits provided to Settlement Class Members as outlined above. They will submit a Petition for these fees and expenses 30 days prior to the final hearing. That Petition will outline the expenses that have been incurred and information supporting the reasonableness of the requested fee. If you are interested in seeing a copy of that Petition, it will be posted on the website www.KYGRSclassaction.com at least 30 days prior to the final hearing on _____, 2013. Whatever amount is ultimately awarded by the Court to attorneys representing Plaintiffs in this matter will <u>not</u> be deducted from the settlement amount explained above.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not like an aspect of the Settlement?**

If you remain a member of the Settlement Class and do not exclude yourself, you can object to any aspect of the settlement including its amount, the request for

attorneys' fees and expenses, or anything else.  To object, you must send a letter or other filing to the Court at the following address:

**[Add KCC c/o address for fed court here.]**

**You must also send a copy of your objection to:**

Settlement Counsel for the Class:

David T. Royse
Douglas F. Brent
Deborah T. Eversole
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202

Your objection must be mailed no later than [10 days before Final Fairness Hrg].  If you file and serve a written objection, you may enter an appearance at the Fairness Hearing either personally or through a lawyer.  If you retain a lawyer for this purpose, you will be solely responsible for paying the lawyer's fees and costs. If you or your counsel intend to appear at the Final Hearing, you must file a Notice of Intent to appear [ten (10) days before the Final Hearing].

| 17. What is the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court you don't like something about the settlement and oppose the Court approving the Settlement.  You can only object if you remain a member of the Settlement Class.  But once you exclude yourself from the Settlement Class by sending an exclusion notice, you no longer have the right to object because the settlement no longer affects you.  If you exclude yourself from the Settlement Class, you will not be subject to the Release provided for under the Settlement.  However, if you object to the settlement, you will be bound by the Release.

| 18. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court has scheduled a Final Fairness Hearing to be held in the _____, Louisville, Kentucky on _____, 2013 at _____ a.m./p.m.  At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate, the objections that may have been submitted to the Court in timely fashion, and determine whether to approve the request for

attorneys' fees and expenses. It is uncertain how long the Court will take to decide these issues.

### 19. Do I have to come to the hearing?

No. Counsel for the Settlement Class will answer any questions the Court might have. But, although you are not obligated to attend the hearing, you may do so at your own expense.

### 20. May I speak at the hearing?

It will be the responsibility of Judge Heyburn to determine who may speak at the hearing. In order to alert the Court to your desire to appear and make a statement at the hearing (either individually or through counsel that you may hire at your own expense) you must notify the Court, in writing, at least ten (10) days before the Fairness Hearing at the following address, of your desire to speak at the hearing:

The Honorable John G. Heyburn
United States District Court for the Western District of Kentucky
c/o **[add KCC address info here]**

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

You will be a Settlement Class Member entitled to receive the benefits from this Settlement.

As a Settlement Class Member you will be releasing Windstream from the claims asserted in this matter, as explained in detail in the Settlement Agreement.

To have a full understanding of the extent of the Release, you should consult the website www.KYGRSclassaction.com.

## GETTING MORE INFORMATION

### 22. Where can I get more details about the Settlement?

You are welcome to obtain a copy of the Settlement Agreement and all other relevant documents by accessing the website www.KYGRSclassaction.com. You may request copies of these documents by writing or emailing the Settlement Administrator:

**[add KCC info here]**

If the foregoing sources do not answer your questions, you may also call the Settlement Administrator at 1-800-XXX-XXXX.  Or, you can email any of the following counsel:

**[Add SKO counsel here]**

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Dana Bowers and Sunrise Children's Services,
Inc., on Behalf of Themselves and
Others Similarly Situated,

              PLAINTIFFS

v.

Windstream Kentucky East, LLC, et al.

              DEFENDANTS.

CIVIL ACTION NO. 3:09-CV-440

ELECTRONICALLY FILED

**OPINION AND ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

\* \* \* \* \*

      Class Representatives have moved the Court for final approval of the Settlement
Agreement entered into with Defendants Windstream Kentucky East, LLC and Windstream
Kentucky West, LLC. (Dkt. No. ___, Ex. ___.) The Court has reviewed Class Representatives'
motion, and has considered all relevant objections filed with the Court. In addition, on _____,
2013, the Court conducted a Fairness Hearing on the proposed Settlement and invited all persons
present to comment. Pursuant to Fed. R. Civ. P. 23(e), and for the reasons set forth herein, the
Court finds that notice of the Settlement was provided to all potential Settlement Class Members
in a reasonable manner, that the Settlement Agreement is fair, reasonable, and adequate, and the
Plan of Allocation is fair.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

      Following over four years of hard fought litigation and several months of arms length
settlement discussions, the parties involved in this action have agreed upon a proposed

Settlement Agreement that brings substantial relief to all Settlement Class Members as defined in the Agreement. The Settlement Agreement covers all claims asserted against the Defendants. In exchange for the benefits provided to the Settlement Class, the Settlement Agreement provides for the release of any claims against the Defendants that have been asserted in this Action.

## II.   THE CLASS HAS BEEN ADEQUATELY NOTIFIED OF THE SETTLEMENT

This Court granted preliminary approval of the proposed Settlement on ____, 2013. Following preliminary approval, KCC (the Settlement Administrator selected by the parties and approved by the Court) and Windstream through joint efforts as outlined in the Settlement Agreement mailed Notice of the Settlement to all potential class members via first-class mail in the form and manner approved by this Court. In addition, the Settlement Agreement and relevant motions and court orders were made available on a website created under the direction of the parties and administered by KCC.[1]

The Court finds that this notice process is adequate under Fed. R. Civ. P. 23 and the standards of due process, because it was directed in a reasonable manner to all prospective Settlement Class Members who would be bound by the Settlement Agreement and, in a manner that could be understood by the average prospective Settlement Class Member, fairly apprised the prospective Settlement Class Members of the terms of the proposed Settlement Agreement and their options with respect to their decision whether to join in the Settlement Class. *See, e.g., Int'l Union v. GMC*, 497 F.3d 615, 630 (6th Cir. 2007).

## III.   DEFENDANTS HAVE COMPLIED WITH THE CLASS ACTION FAIRNESS ACT NOTICE REQUIREMENTS

The Class Action Fairness Act ("CAFA"), requires each defendant provide notice of a proposed class action settlement to "appropriate" federal and state officials. 28 U.S.C. § 1711.

---

[1] http://www.KYGRSclassaction.com.

On June 3, 2013, Defendants sent notice to the appropriate federal and state officials as defined in 28 U.S.C. § 1711. Along with that notice, Defendants sent copies of the Complaint, the Notice of Hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, including the proposed Notice to the Settlement Class and a copy of the proposed Settlement Agreement. *See* 28 U.S.C. § 1715(b). The Court finds that Defendants have fully complied with the CAFA notice requirements.

## IV.   OPT OUTS AND OBJECTIONS

Out of ___ Settlement Class Members, _____ [fill in relevant opt out and objection information here].

## V.   THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

Fed. R. Civ. P. 23 states that the Court may approve a settlement that would bind class members only after a hearing and a determination that the settlement is fair, reasonable and adequate. As noted previously, the Court conducted a Fairness Hearing on _____, 2013, at which counsel for the parties were present.

The Sixth Circuit has identified seven factors that should aid a court in its determination of whether a class action settlement is fair, reasonable, and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Int'l Union*, 497 F.3d at 631. No one of these factors is dispositive. Rather all are to be weighed and considered in light of the particular demands of this case. *See, e.g., Granada Investments, Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992).

## A.   The Risk of Fraud or Collusion

The Court finds that no fraud or collusion exists behind this Settlement Agreement.  In the absence of evidence to the contrary, the Court may presume that no fraud occurred and that there was no collusion between counsel.  In the absence of evidence to the contrary, a Court should presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. *Int'l Union*, 497 F.3d at 628; *see also In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1008, 1018 (S.D. Ohio 2001) (citing Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 11.51 (3d ed. 1992)) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered").  This case was filed in this Court over four years ago.  The parties have engaged in extensive motion practice, including the filing of multiple briefs on motions to dismiss and on motion for class certification.  The parties exchanged documents and depositions were taken of the Class Representatives and of representatives of Defendants.  Throughout this litigation no allegation of fraud or collusion has ever been made against the parties.

The Settlement Agreement also is the product of arm's-length, good-faith settlement negotiations.  The parties engaged in several months of arms length settlement discussions.  Accordingly, the Court finds that the evidence before the Court indicates that the risk of collusion among counsel is non-existent.

## B.   The Complexity, Expense and Likely Duration of Further Litigation

In evaluating a proposed class settlement, the Court must also weigh the risks, expense and delay the plaintiffs would face if they continued to prosecute the litigation through trial and appeal. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003);

*Telectronics*, 137 F. Supp. 2d at 1013. The Court concludes that this factor weighs heavily in favor of finding the settlement fair and reasonable.

This case was extremely complex, both factually and legally. [Give brief description of litigation history and prospects for continued litigation.]

### C.    The Amount of Discovery Engaged in by the Parties

Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no minimum or definitive amount of discovery that must be undertaken to satisfy this factor. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). Under some circumstances, discovery may not be necessary at all for the parties to fully evaluate the merits of the Plaintiffs' claims. *Id.* (approving settlement after four months of litigation and prior to any formal discovery); *see also Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 829 (E.D.N.C. 1994) (approving settlement in case in which discovery consisted of production of 3,800 pages of documents and two "confirmatory" depositions). As one court confirmed, "although this settlement came early on – prior to the completion of formal discovery – it is clear that plaintiffs 'have conducted sufficient informal discovery and investigation to . . . evaluate [fairly] the merits of Defendants' positions during settlement negotiations.'" *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 664-65 (E.D. Va. 2001) (citation omitted).

Here, in connection with the litigation, the parties engaged in significant investigation and discovery in this matter, including exchange of documents, depositions of Class Representatives and Defendants' personnel. Finally, the parties engaged in extensive, arms-length negotiations for over four months, which also allowed the parties to fully explore their respective factual and legal positions.

All this information ultimately allowed the parties to frankly evaluate the merits of and risks inherent in their respective cases and to determine an appropriate settlement value. Accordingly, the formal and informal discovery exchanged by the parties was thorough and appropriately tailored to allow the parties to determine not only an overall settlement amount, but to fairly and adequately determine an allocation of that amount for the Settlement Class Members.

### D.    Likelihood of Success on the Merits Viewed in Light of the Form of Relief Offered in Settlement

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). The risks associated with further litigation were not trivial. [Fill in with some recitation of merits and posture of case.] Accordingly, the amount and nature of the Settlement Agreement appear to be a reasonable and appropriate tradeoff for the elimination of the risk associated with some of the asserted claims in this Action.

### E.    The Opinions of Experienced Counsel and Class Representatives

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the good faith bargaining between the contending parties." *Rankin v. Rots*, 2006 U.S. Dist. LEXIS 45706, at *9 (E.D. Mich. June 28, 2006). The informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference. *See, e.g., UAW v. GMC*, 2006 U.S. Dist. LEXIS 14890, at *57 (E.D. Mich. Mar. 31, 2006) ("[t]he endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement."); *see also Stewart v. Rubin*, 948 F. Supp. 1077, 1087 (D.D.C. 1996) (the trial court "should defer to the judgment of experienced counsel who have competently evaluated the strength of the proof").

Class Counsel are experienced counsel who have litigated complex class actions before. Class Counsel did not rush to settlement, but rather engaged in thoughtful, narrowly-tailored discovery that would allow them to appropriately analyze the relative strength of the claims presented, the scope of potential damages, and to make an informed demand. This required a considerable amount of time, thought, and effort.

F.     **Reaction of Absent Class members**

In analyzing a proposed settlement, it is appropriate to consider the reaction of the Settlement Class. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001). "A certain number of . . . objections are to be expected in a class action. If only a small number are received, the fact can be viewed as indicative of the adequacy of the settlement." *Cardizem*, 218 F.R.D. at 527 (citing *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 478 (S.D.N.Y. 1998)). Accordingly, "[a] court should not withhold approval of a settlement merely because some class members object." *Int'l Union v. Ford Motor Co.*, U.S. Dist. LEXIS 70471, at *78 (E.D. Mich. July 13, 2006).

[Fill in with opt out and objection information.] The Court does not find these concerns to be an appropriate basis for any decision not to approve the Settlement Agreement.

G.     **The Public Interest**

Lastly, the Court notes that there is a federal policy favoring settlement of class actions. *See Int'l Union*, 497 F.3d at 632. The Court finds that it is a fair and reasonable settlement of a bona fide dispute, and the balance of factors weighs in favor of approval of this settlement. The Court can find no principled basis for not adhering to that policy in this matter. In addition, the conservation of the Western District of Kentucky's judicial resources is substantial. The Court therefore finds that the public interest warrants approval of the Settlement.

## VI.   APPROVAL OF THE PLAN OF ALLOCATION

The allocation plan [insert description of relief provided].

As a part of its exacting and thorough examination of a class-action settlement, a court must ensure that the distribution of the settlement proceeds is equitable. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855; *In re Global Crossing Securities and ERISA Litigation*, 225 F.R.D. 436 (S.D.N.Y. 2004); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D.Del. 2002); *In re Lease Oil Antitrust Litig III*, 186 F.R.D. 403 (S.D. Tex. 1999). The court considers the fairness and reasonableness of the allocation separately from the general settlement terms. *See Crawford*, 2008 U.S. Dist. LEXIS 90070, at *320.

The law does not require pro-rata distribution, and given the time period covered by this Settlement Agreement, the number of current and former customers, the various services received during various time periods, and the difficulty associated with finding accurate records, exact calculation of the Settlement Class's claims may be difficult, if not impossible, and the administrative expense and burden of such calculation would likely outweigh the benefits of settlement. *See Int'l Union,* 497 F.3d at 628 ("Neither the Federal Rules of Civil Procedure nor the Supreme Court requires that settlements offer a pro rata distribution to class members; instead the settlement need only be fair, reasonable, and adequate."). Accordingly, the Court finds that the plan of allocation is fair and reasonable under the circumstances, and approves the allocation plan.

## VII.   CONCLUSION

Accordingly,

**IT IS ORDERED AND ADJUDGED:**

(1)    The Court has jurisdiction over the subject matter of the Action, Class Representatives, all Settlement Class Members, and Defendants.

(2)     The Settlement is approved as fair, reasonable and adequate, in the best interests of the Settlement Class and non-collusive and consistent and in compliance with all requirements of Due Process and applicable law.

(3)     The motion for final approval of the Settlement Agreement (Dkt. No. ___) is **GRANTED.**

(4)     The Plan of Allocation set forth in the Settlement Agreement is **APPROVED**.

(5)     Objections filed by _____ (Dkt. Nos. __) are **OVERRULED.**

(6)     The complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby **DISMISSED AS SETTLED WITH PREJUDICE**, with fees and costs to be awarded solely as provided in the Settlement Agreement except that the Court shall retain jurisdiction to the extent necessary to administer and enforce the Settlement Agreement.

(7)     The Defendants and all Released Parties, as defined in the Settlement Agreement, shall be completely released from all claims that were asserted or could have been asserted in the Action relating to the subject matter of the Action, as defined in the Settlement Agreement, by any Settlement Class Member who is not excluded from the Settlement Class as well as bar and enjoin all Settlement Class Members from asserting claims that were or could have been asserted in the Action against any Released Party.

(8)     The Settlement Agreement shall provide the exclusive remedy for Settlement Class Members (and any successors-in-interest) with respect to any and all claims the were asserted or could have been asserted in the Action, as defined in the Settlement Agreement, against the Defendants and all Released Parties, as defined in the Settlement Agreement.

(9)     Neither the Settlement Agreement nor this Final Order may ever be used for any purpose in any other litigation against the Defendants and Released Parties, as defined in the Settlement Agreement, other than to enforce the terms of the Settlement Agreement.

(10)     The Court reserves continuing and exclusive jurisdiction over the Parties, as defined in the Settlement Agreement, and Settlement Class Members to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties and Settlement Class Members.

(11)     The Court approves the requested incentive award of $5,000.00 to be paid to each Class Representative as provided for in the Settlement Agreement.  The Class Representatives have been active participants throughout the litigation and settlement process.

(12) The Court will address the amount of Attorney's Fees to be awarded by separate order.

This is a final and appealable order, there being no just cause for delay.

Tendered by:

_____

David T. Royse
Douglas F. Brent
C. Kent Hatfield
Deborah T. Eversole
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202

*COUNSEL FOR THE CLASS*
*REPRESENTATIVES AND*
*SETTLEMENT CLASS*

# EXHIBIT E

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 12-CI-00820

WINDSTREAM KENTUCKY EAST, LLC                              PLAINTIFF

v.

PUBLIC SERVICE COMMISSION OF                              DEFENDANTS
KENTUCKY
And
DANA BOWERS

AGREED ORDER HOLDING CASE IN ABEYANCE
PENDING FINAL SETTLEMENT DATE

The parties having agreed that this case should be held in abeyance pending final entry by the United States District Court for the Western District of Kentucky of its order accepting the settlement agreement (the "Settlement Agreement") filed by the parties to the certified class action styled *Dana Bowers et al. v. Windstream Kentucky East, LLC et al,* Civil Action No. 3:09-CV-440 (W.D. Ky. 2013) (the "Class Action"), and having further agreed that the case pending before this court should subsequently be dismissed pursuant to the terms in the Agreed Order Dismissing Settled, attached hereto, following occurrence of the "Final Settlement Date," as that term is defined in the Settlement Agreement,

IT IS HEREBY ORDERED that:

1.     This action be, and hereby is, placed in abeyance;

2.     Within ten days of the "Final Settlement Date," as that term is defined in the Settlement Agreement, the parties to this action shall notify the Court in writing of the occurrence of the Final Settlement Date; and

1

3.     Upon, but not before, this Court's receipt of notice signed by all parties to this action of the occurrence of the Final Settlement Date, this Court shall enter the Agreed Order attached hereto dismissing this case.

Entered this ___ day of _____, 2013

_____
JUDGE, FRANKLIN CIRCUIT COURT

*Have seen and agreed:*

_____
C. Kent Hatfield
Douglas F. Brent
Deborah T. Eversole
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky  40202

*Counsel for Defendant and Cross-Claimant Dana Bowers*

_____
Mark R. Overstreet
R. Benjamin Crittenden
Stites & Harbison, PLLC
421 West Main Street
P.O. Box 634
Frankfort, KY  40602-0634

*Counsel for Plaintiff Windstream Kentucky East, LLC*

_____

Helen Helton
Jeb Pinney
Kentucky Public Service Commission
211 Sower Boulevard
Frankfort, KY 40601

*Counsel for the Kentucky Public Service Commission*

112694.134900/957017.1

3

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 12-CI-00820

WINDSTREAM KENTUCKY EAST, LLC                                    PLAINTIFF

v.

PUBLIC SERVICE COMMISSION OF                                    DEFENDANTS
KENTUCKY
And
DANA BOWERS

## AGREED ORDER DISMISSING AS SETTLED

Whereas, the parties to the certified class action styled *Dana Bowers et al. v. Windstream Kentucky East, LLC et al,* Civil Action No. 3:09-CV-440 (W.D. Ky. 2013) have entered into a Settlement Agreement to resolve all matters in that proceeding (the "Settlement Agreement");

Whereas, all parties hereto have agreed that the Settlement Agreement also fully, fairly, and finally disposes of all matters at issue before this Court and previously before the Kentucky Public Service Commission in its proceeding below, *Dana Bowers v. Windstream Kentucky East, LLC,* KPSC Case No. 2010-00447. In the Commission action, which is on appeal to this Court, the Kentucky Public Service Commission ruled on two state law issues concerning the billing of a gross receipts surcharge by Windstream Kentucky East, LLC and Windstream Kentucky West, LLC ("Windstream") referred to it by the U.S. District Court;

Whereas, all parties hereto acknowledge that the U.S. District Court maintained pendent jurisdiction in the class action of Kentucky state law claims, including any claims for relief or damages by class member customers of Windstream, and that the U.S. District Court will review and conduct a hearing on the fairness to the class member customers of the Settlement Agreement;

1

Whereas, the Settlement Agreement affords substantial relief to the Settlement Class and is predicated upon the recognition of all parties hereto that the Settlement Agreement, after having been found fair to the class member customers following hearing by the U.S. District Court, constitutes the final disposition of all federal and state law claims and issues that are related to this action, including the disposition by the Commission of any and all issues brought before the Commission in the proceeding before it;

Whereas, the Settlement Agreement is conditioned upon the dismissal of this action with prejudice;

Whereas, the Settlement Agreement also is conditioned upon the parties to this action working to secure a stay of this action pending the U.S. District Court's review of the Settlement Agreement;

Whereas, the Settlement Agreement is further conditioned upon this Court entering an order in a form substantially similar to the form of this Order;

Whereas, all parties hereto desire to give full effect to the Settlement Agreement, to recognize the final disposition and preclusive effects thereof with respect to all claims and issues litigated in such matters or that could have been litigated, to provide finality to Windstream with respect to any further claims for relief or legal responsibility with respect to the issues brought before the Commission, including any imposition of penalties by the Commission for failing to tariff the gross receipts surcharge or any requirement that Windstream make additional refunds beyond those provided in the Settlement Agreement as approved by the U.S. District Court, and to dismiss this action in its entirety, with prejudice; and

2

Whereas, the Court acknowledges receipt on _____ of the notice required by paragraph 2 of its _____ "Agreed Order Holding Case In Abeyance Pending Final Settlement Date,"

IT IS HEREBY ORDERED this action shall be, in accordance with and in fulfillment of the above recitals, dismissed as settled, in its entirety, with prejudice.

Entered this ___ day of _____, 2013

_____
JUDGE, FRANKLIN CIRCUIT COURT

*Have seen and agreed:*

_____
C. Kent Hatfield
Douglas F. Brent
Deborah T. Eversole
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky  40202

*Counsel for Defendant and Cross-Claimant Dana Bowers*

3

Mark R. Overstreet
R. Benjamin Crittenden
Stites & Harbison, PLLC
421 West Main Street
P.O. Box 634
Frankfort, KY  40602-0634

*Counsel for Plaintiff Windstream Kentucky East, LLC*

Helen Helton
J.E.B. Pinney
Kentucky Public Service Commission
211 Sower Boulevard
Frankfort, KY  40601

*Counsel for the Kentucky Public Service Commission*

# EXHIBIT F